Mathew K. Higbee
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92782
Telephone: (714) 617-8336
mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHEL KECK,<br><br>                Plaintiff,<br><br>v.<br><br>MIX CREATIVE LEARNING CENTER, LLC; JACQUELINE P. KENNEALLY and DOES 1 through 10 inclusive,<br><br>                Defendants. | Case No. 4:21-cv-430<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**(2) FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING** |

Plaintiff, Michel Keck alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.* as well as false advertising and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §1051, et seq. (the "Lanham Act").

2.      This Court has subject matter jurisdiction over the copyright infringement, false advertising and false designation of origin claims under 15 U.S.C. §1121(a), 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendants because Defendants conduct business within the state of Texas, Defendants' acts of infringement complained of herein occurred and were expressly aimed at the state of Texas, and Defendants caused injury to Plaintiff within the State of Texas.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b) in that this is the judicial district in which a substantial part of the acts and omissions

giving rise to the claims occurred.

## PARTIES

5.      Plaintiff Michel Keck is an individual residing in the state of Indiana.

6.      Defendant Mix Creative Learning Center, LLC, is a Texas limited liability company with a place of business at 2522 Times Blvd., Houston, TX 77005-3225.

7.      Defendant Jacqueline P. Kenneally is an individual who, on information and belief resides in Houston, TX.

8.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

9.      Plaintiff Michel Keck ("Keck") is a successful and acclaimed artist, known for her highly original abstract art and mixed media paintings.

10.     In 2006, Keck successfully opened her own online art gallery www.michelkeck.com, as well as her own fine art publishing company. By the end of 2006, Keck sold over 1,500 original paintings to art collectors around the world.

11.     Keck's corporate projects include working with many of Nordstrom's Department stores across the U.S. to create original mixed media pieces for their Savvy Departments, and creating mixed media pieces for national restaurant chain Bar Louie.

12.     In addition to creating artwork, Keck also sells various pieces or

merchandise featuring her original mixed media designs.

13.     One of Keck's most popular collections is her Dog Art series comprising of highly original mixed media collage style paintings of various dog breeds.

14.     Keck is the sole creator and exclusive rights holder to 6 highly original works, including a Bulldog ("Bulldog Work"), a Labrador ("Labrador Work"), a Snorkie ("Snorkie Work"), a Shih Tzu ("Shih Tzu Work"), a Great Dane ("Great Dane Work") and a German Shepard ("German Shepard Work"), (collectively the "Works").

15.     True and correct copies of Keck's Works are attached hereto as Exhibit A.

16.     Keck has registered her Works with the United States Copyright Office.

17.     In addition to her protectable copyright interest in her Works, Keck has registered the word mark "Michel Keck", registration number 5280022 ("Trademark").

18.     Keck utilizes the "Michel Keck" work mark in connection with both her art work as well as the various merchandise and other products that she sells.

19.     It is Ms. Keck's custom and practice to affix her registered mark to each of her Works, most typically on the bottom right corner.

20.     Defendant Jacqueline P. Kenneally ("Kenneally") is the owner and operator of Defendant Mix Creative Learning Center, LLC ("Mix Creative").

21.     Through Mix Creative, Kenneally operates Artmix Studio which bills itself as "[H]ouston's premier art studio for toddlers to teens & adults." *See* https://artmix.studio/about/.

22.     Through its website www.artmix.studio, Artmix Studio sells "Artmix to-go" kits, which includes various materials for customers to use at home.

23.     In November 2020, Keck discovered that Defendants were selling a product using her Trademark titled "Michel Keck inspired dog masterpiece kit" for

$40.00 via the Artmix website ("Artmix Kit").

24.     The product description for the Artmix Kit states that "this artmix to-go kit includes everything artists need to make a mixed media masterpiece of their favorite pet inspire by michel keck [sic]," and states that a "zoom studio meeting id will be provided upon purchase" so that the customer can "paint & create with us [] in our zoom studio for teacher-led instruction."

25.     A true and correct copy of the advertisement for the Artmix Kit is attached hereto as Exhibit B.

26.     Keck subsequently purchased an Artmix Kit, which was sent by Defendants to Indiana.

27.     Upon receiving the Artmix Kit in the mail, Keck discovered that it included unauthorized copies of her Works.

28.     Attached hereto as Exhibit C are true and correct pictures of the contents of the Artmix Kit that was purchased by Keck.

29.     Keck in informed and believes that Defendant Kenneally was personally responsible for creating, marketing, and selling the Artmix Kit.

30.     Keck never authorized Defendants to use her Trademark to sell the Artmix Kits, nor did she authorize Defendants to include copies of her Works in the Artmix Kits.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***
**(Against Both Defendants)**

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Work by Defendants.

33.     Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Works in violation of Title

17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Works of the Plaintiff without Plaintiff's consent or authority, by knowingly copying the Works and distributing them as part of Defendants' Artmix Kits.

34.     As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per Work pursuant to 17 U.S.C. § 504(c).

35.     As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

36.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**
**15 U.S.C. § 1125(a)**
**(Against Both Defendants)**

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Plaintiff's Trademark is nonfunctional and its inherently distinctive quality and acquired distinctiveness has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods and services.

39.     Defendants falsely and misleadingly advertised, promoted and sold unauthorized articles utilizing Plaintiff's Trademark.

40.     Defendants' use of Plaintiff's Trademark in interstate commerce as alleged herein without Plaintiff's consent constitutes a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants goods and/or commercial activities by Plaintiff in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with

Plaintiff. Defendants have, and are, making commercial use of Plaintiff's Trademark in interstate commerce and are marketing to the same members of the public as Plaintiff under a false designation of origin.

41.     Defendants' use of Plaintiff's Trademark is likely to cause confusion, mistake and/or deception as to (a) the affiliation, connection and/or association of Defendants with Plaintiff, and (b) as to the origin, sponsorship, endorsement and/or approval of Defendants' goods, services and/or commercial activities by Plaintiff.

42.     Defendants' use of Plaintiff's Trademark is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control her Trademark.

43.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

44.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Trademark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Keck requests judgment against each Defendant as follows:

1.     That Defendants and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all of Keck's copyrighted Works;

2.     That Defendants and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them be permanently enjoined from promoting, advertising, distributing, or selling, any and all

products or services bearing Keck's Trademark;

3.     The Court enter a seizure order directing the U.S. Marshal to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Keck's copyrights or trademarks;

4.     An accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Keck's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5.     Actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement to reimburse Keck for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Keck's election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

6.     For damages as a result of each Defendant's sale of any and all products bearing Plaintiff's Trademark, three times its damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117;

7.     Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, or otherwise available by law;

8.     Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, 15 U.S.C. § 1117 or otherwise available by law;

9.     Prejudgment interest to Keck on all amounts owed; and

10.    Any such other and further relief as the Court may deem just and appropriate.

Dated: February 8, 2021                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92782
Telephone: (714) 617-8336