UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHEL KECK** | § § § | |
| Plaintiff, | § § | Civil Action No. 4:21-cv-0430 |
| vs. | § § § | |
| **MIX CREATIVE LEARNING CENTER, LLC**, *et al*, | § § § § | |
| Defendants. | § § § § § | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Defendants Mix Creative Learning Center, LLC, Jacqueline P. Kenneally and Does 1 through 10 inclusive ("Defendants" or "Mix Creative") file this Motion to Dismiss Plaintiff's First Amended Complaint (the "First Amended Complaint") (Doc. 21) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the Alternative, Motion for More Definite Statement pursuant to Rule 12(e) and in support show:

### I.
### NATURE AND STAGE OF PROCEEDINGS

1.   This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*. as well as false advertising and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §1051, *et seq*. (the "Lanham Act"). *See* Doc. No. 21.

2.   Defendants filed a Motion to Dismiss Plaintiff's Original Complaint on July 21, 2021. *See* Doc. No. 20. Plaintiff filed the First Amended Complaint on August 4, 2021. *See*

1

Doc. No. 21. The Court issued an order denying Defendants' Motion to Dismiss Plaintiff's Original Complaint without prejudice as moot on August 12, 2021. See Doc. No. 22.

## II.
## STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

3.  The sole issue[1] presented for the Court's determination is whether Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly* at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made of "'naked assertions devoid of further factual enhancement.'" *Iqbal* at 678 (quoting *Twombly*, 550 U.S. at 557). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly* at 556-57; *Iqbal* at 678.

4.  Further, a claim must be dismissed if it is merely conceivable and fails to cross "the line from conceivable to plausible." *Iqbal*, at 680, quoting *Twombly* at 570. In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L. Ed. 2d 90 (1974). But, as it is only facts that must be taken as true, the court may "begin by identifying allegations that, because they are no more than conclusions, are not entitled to the

---

[1] In the alternative, the issue presented is whether Plaintiff should be ordered to amend its First Amended Complaint to provide a more definite statement under Rule 12(e).

ACTIVE 59358691v4

assumption of truth." *Iqbal* at 664.  It is only then that the court can view the well pleaded facts, "assume their veracity and [] determine whether they plausibly give rise to an entitlement to relief." *Id.*  A Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly* at 555.

5.      Material properly submitted with the complaint, such as exhibits, may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion.  *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003).

## III.
## ARGUMENT AND AUTHORITIES

### A.  Plaintiff Fails to Allege a Plausible Copyright Infringement Claim

6.      Plaintiff's allegations pertaining to copyright infringement are not well pleaded and fail to "state a claim to relief that is plausible in its face." *Iqbal* at 678; *Twombly* at 570.  Pursuant to 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

7.      The U.S. Supreme Court recently addressed whether "registration" under section 411(a) occurs when the claimant completed his application or only after the U.S. Copyright Office registered the copyright.  In *Fourth Estate Pub. Benefit Corp. v. WallStreet.com, LLC*, 139 S. Ct. 881 (2019), the Supreme Court unanimously held that the registration condition was satisfied only "when the [Copyright] Register has registered a copyright after examining a properly filed application." *Id*. at 892.  In other words, a plaintiff must possess a registration from the Copyright Office prior to instituting a copyright infringement suit.  *See id*.  This necessarily means that the Plaintiff has filed her copyright applications and knows precisely the

3

complete contents of the works in question deposited in the U.S. Copyright Office. *See* 17 U.S.C. § 407(a).

8. To maintain a cause of action for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel, Serv. Co.*, 499 U.S. 340, 361 (1991); *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F. 3d 357, 367 (5th Cir. 2004); *R. Ready Productions, Inc. v. Cantrell,* 85 F. Supp. 2d 672, 687 (S. D. Tex. 2000). "A properly pled copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (Connor, J.), *aff'd sub nom., Kelly v. L.L. Cool J.,* 23 F.3d 398 (2d Cir. 1994). Here, Plaintiff's allegations in the Complaint fail to allege sufficient facts to satisfy each of these elements.

9. In the First Amended Complaint, Plaintiff identifies several works as the "Works" in question for which she is the "sole creator and exclusive rights holder," and provides "true and correct copies" of these "Works" in Exhibit A thereto. *See* Doc. No. 21 at 14-15.

10. Plaintiff alleges that "Keck has registered her Works with the United States Copyright Office." *See* Doc. No. 21 at 16.

11. Plaintiff also alleges that "[s]pecifically, the Bulldog Work is registered under registration VA 2-037-070 with an effective registration date of October 14, 2016; the Labrador Work is registered under registration VA 1-814-036 with an effective registration date of March 26, 2012; the Snorkie Work is registered under registration VA 2-104-131 with and effective registration date of May 23, 2018; the Shih Tzu Work is registered under registration VA 1-814-

4

036 with an effective registration date of March 26, 2012; the Great Dane Work is registered under registration VA 2-041-480 with an effective registration date of October 29, 2019; and the German Shepard Work is registered under certificate VA 1-814-036, with an effective registration date of March 26, 2012." See Doc. No. 21 at 17.

12. The First Amended Complaint does not include copies of the identified copyright registrations or the deposit materials that Plaintiff submitted to the U.S. Copyright Office in connection with the above-mentioned registrations.

13. The First Amended Complaint fails to give sufficient facts of which works, if any, were actually registered and deposited with the U.S. Copyright Office and which registered copyrights were infringed.

14. Specifically, Plaintiff's First Amended Complaint makes clear that "Keck utilizes the 'Michel Keck' word mark in connection with both her art work as well as the various merchandise and other products that she sells. It is Ms. Keck's custom and practice to affix her registered mark to each of her Works, most typically on the bottom right corner." *See* Doc. 21 at 3-4. However, two of the supposed attached works have no affixed mark; three have marks on the lower right hand side of the work; one has a mark on the middle left hand side of the work; and none of the four works with marks contain the alleged registered word mark "Michel Keck." *See* Doc. 21-1. Moreover, the First Amended Complaint alleges there are only five actual copyright registrations, yet Plaintiff alleges violations of six copyrights. *See* Doc. 21 at 3, ¶ 17 (identifying only five separate copyright registration numbers).

15. Thus, it is unclear from the face of the pleading whether the "Works" shown in Exhibit A in the First Amended Complaint are the same works that were actually deposited with

ACTIVE 59358691v4

the U.S. Copyright Office to obtain the registrations listed in Paragraph 17 of the First Amended Complaint.

16. A vague allegation that Plaintiff is "the sole creator and exclusive rights holder" of the "Works," *see* Doc. No. 21 at 14, is **not** the same as an allegation that any particular work was actually registered and deposited by Plaintiff with the U.S. Copyright Office, or an identification of which particular copyrighted interest is alleged to be infringed.

17. As was represented by Plaintiff to the Court in support of Plaintiff's Unopposed Motion for an Extension of Time for Defendants to Respond to the Complaint, "[t]he parties have been diligently trying to resolve the case and have made progress towards a settlement." *See* Doc. 17 at 1. Considering that Plaintiff had demanded an excessive amount to settle a nominal damages case involving only the sale of six art kits at $40 each, Defendants reasonably had requested copies of the copyright registrations and deposits in question and the Plaintiff's licensing information to be able to evaluate the demand. Plaintiff's counsel indicated that the information would be forthcoming, and thus Plaintiff filed multiple extensions for the filing of Defendants' responsive pleading. The promised information was never sent, and the Defendants had no choice but to file the responsive pleading seeking dismissal until a sufficient complaint is filed with the required information which Plaintiff represented she has in her possession. *See* Fed. R. Civ. Evid. 408 (evidence of compromise negotiations admissible for "another purpose" besides the amount of a disputed claim; here the admitted existence of the copyright registration and deposit materials in Plaintiff's possession and the need for the copyright registrations and deposit materials).

18. Here, Plaintiff seeks statutory damages and attorney's fees, *see* Doc. No. 21 at 35-36, which are only available if the Works at issue were timely registered and deposited with the U.S. Copyright Office. *See* 17 U.S.C. §§ 411(a), 412.

19. By failing to supply copies of the identified copyright registrations and the deposit materials as part of the pleadings, and which Plaintiffs represented would be provided prior to the answer date, Plaintiff would have Defendants (prior to any discovery occurring) fill-in-the-blanks, speculate on which works in Exhibit A of the First Amended Complaint were registered and deposited with the U.S. Copyright Office and when such registration occurred (when none appear to be valid based on Plaintiff's own allegations), and hunt down valid copyright registrations and copyright deposits to the numerous works to verify the type of copyright interest registered and that may have been infringed by Defendants. That should not be Defendants' burden at this stage and under these circumstances.

20. Defendants ask this Court to consider, in light of Plaintiff's representation that Plaintiff has a copy of her deposit materials and the U.S. Supreme Court's 2019 decision in *Fourth Estate*, whether Plaintiff is required to include official copies of the copyright registrations and copies of the deposit materials submitted to the U.S. Copyright Office for the "Works" to reliably plead copyright ownership and evidence what "Works" are allegedly protected by that copyright. As explained above, the Exhibit A attached to the First Amended Complaint is by Plaintiff's own allegation and explanation not a copy of the deposited works in question.

21. Prior to *Fourth Estate,* a number of district courts did not require copies of copyright registrations and deposit materials in a copyright infringement pleading. *See, e.g.*, *R.S. Scott Assocs., Inc. v. Timm Constr. Co. LLC*, 2014 U.S. Dist. LEXIS 173282, 2014 WL 7184448,

at *11-12 (E.D. Mich. Dec 16, 2014); *PK Studios, Inc. v. R.L.R. Invs., LLC*, 2016 U.S. Dist. LEXIS 166, at *6-7 (M.D. Fla. Jan. 4, 2016); *Arista Records LLC v. Greubel*, 453 F.Supp.2d 961, 966 (N.D. Tex. 2006). Such decisions are distinguishable from the facts and allegations in our case, as those courts were not presented with complaints in which the Plaintiff admitted in the complaint that the alleged registrations and deposits could not be the actual copyrighted works. As pleaded, the Plaintiff's claim is not plausible.

22. At least one district court found (pre-*Fourth Estate*) that providing copyright registration numbers alone was insufficient to state a claim for copyright infringement. *See Art of Design, Inc. v. Pontoon Boat, LLC*, 2017 U.S. Dist. LEXIS 133672, at *12, n.3 (N.D. Ind. Aug. 22, 2017)("And, by merely providing the registration numbers to its copyrighted works, Plaintiff is not making the registrations themselves or the corresponding designs available to either the Defendants or the Court. Indeed, the process to retrieve the registrations from the U.S. Copyright Office is cumbersome and the process for retrieving deposits might not even bear fruit because, as Defendants note, the "Copyright Office does not retain all works deposited for copyright registration." U.S. Copyright Office, Circular No. 6, Obtaining Access to and Copies of Copyright Office Records and Deposits, at 3 (2016)."). The Court in *Art of Design* explained that in a copyright case, the complaint must provide at least a "description or explanation" of the copyrighted works. *Id.* at *12. Here, not only is there a lack of copyright deposit materials, but the alleged description of the copyrighted works does not support the claim.

23. The concerns cited by the Court in *Art of Design* regarding lack of access to registration materials are even more prevalent now, given the impact of the Covid-19 pandemic on current U.S. Copyright Office operations. *See, e.g.* Shira Perlmutter – Register of Copyrights and Director, U.S. Copyright Office, *The Copyright Office: Marking One Year of Pandemic*

*Operations*, Copyright Creativity At Work – Blog of the U.S. Copyright Office (March 15, 2021), *available at* https://blogs.loc.gov/copyright/2021/03/the-copyright-office-marking-one-year-of-pandemic-operations/ ("We do continue to experience delays in the processing of physical materials, including mail and copyright deposits. These delays are primarily due to health and safety precautions and to mail disruptions resulting from the impact of the pandemic. The Office is continuously reviewing and adjusting its operations to limit these impacts.").

24. As a result of *Fourth Estate*, copyright registration materials and deposit materials are now required to be in Plaintiff's possession at the time an infringement suit is filed, so the inclusion of the materials at the pleading stage would present no additional difficulty or burden on Plaintiff.  Rather, under the facts and circumstances here, dismissal (or an order for a more definite statement) is warranted until a sufficient complaint is filed.

25. If Plaintiff is permitted to plead copyright infringement without supplying or identifying these requested materials, as Plaintiff has admitted are in Plaintiff's possession and must be for a valid copyright registration, then Defendants are forced to engage in costly and unnecessary discovery in this nominal damages case simply to determine whether Plaintiff's claims have a threshold level of merit, unlike, *e.g.*, patent infringement cases, where copies of the U.S. patent being asserted and its claims are readily available to defendants at the initial stages of the case.  Further, Plaintiff's tactics allow for a strategically vague and inconsistent pleading seeking inflated statutory damages under 17 U.S.C. § 502, *see* Doc. No. 21 at 35-36, which gives Plaintiff an advantage in early settlement negotiations prior to discovery occurring, and forces Defendants to incur unnecessary attorney's fees and costs or to settle a possible meritless case due to nuisance costs, regardless of the merits of Plaintiff's copyright infringement claim.  Again, these should not be Defendants' burdens to bear.

26. Since Plaintiff promised and then failed to identify and provide the required original works that it actually registered and deposited with the U.S. Copyright Office, and the allegations are vague and inconsistent and do not support a plausible claim, the claims fail to allege an adequate copyright infringement claim and must be dismissed without prejudice.

27. In the alternative, Plaintiff should be required to provide a more definite statement of its claims (including copies of copyright registration materials and deposit materials) so that Defendants may have a reasonable opportunity to respond. FED. R. CIV. P. 12(e).

### B. Alternatively, Plaintiff Must Provide A More Definite Statement

28. Plaintiff's First Amended Complaint makes vague, collective and global allegations that are based on legal conclusions or a formulaic recitation of the elements of a cause of action. Defendants are entitled to know how and when their conduct allegedly caused infringement. Defendants respectfully submit that they are unable to properly frame a responsive pleading. Accordingly, should the First Amended Complaint not be dismissed, or only dismissed in part, Defendants respectfully request that the Court order Plaintiff to amend its claims to provide a more definite statement (including requiring copies of copyright registration materials and deposit materials).

## IV.
## CONCLUSION

29. Defendants respectfully request that the First Amended Complaint be dismissed without prejudice. In the alternative, Defendants respectfully request that Plaintiff be required to re-plead its causes of action with sufficient particularity. Defendants also request all other relief, in law or equity, to which they are justly entitled, such as their attorney's fees and costs for having to file this motion.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: August 18, 2021 | By:   */s/ Roland Garcia* <br> Roland Garcia <br> Attorney in Charge <br> Texas Bar No. 07645250 <br> S.D. Admission No. 8420 <br> Mark Chretien <br> Texas Bar No. 24036364 <br> S.D. Admission No. 36313 <br> 1000 Louisiana, Suite 1700 <br> Houston, Texas 77002 <br> Telephone: (713) 374-3500 <br> Facsimile: (713) 754-3505 |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through the Court's ECF system on the 18th day of August, 2021.

          */s/ Roland Garcia*
          Roland Garcia