```
 1                   UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION

 3   ****************************************************************

 4   MICHEL KECK                         4:21-CV-00430

 5
     VS.                                 HOUSTON, TEXAS
 6

 7   MIX CREATIVE LEARNING CENTER,
     LLC, ET AL                          FEBRUARY 3, 2022
 8

 9   ****************************************************************

10           TRANSCRIPT OF MOTION PROCEEDINGS HELD REMOTELY
           HEARD BEFORE THE HONORABLE KEITH P. ELLISON
11                    UNITED STATES DISTRICT JUDGE

12   ****************************************************************

13   APPEARANCES:

14   FOR THE PLAINTIFF:          MR. MATHEW KIDMAN HIGBEE
                                 Higbee & Associates
15                               1504 Brookhollow Drive
                                 Suite 112
16                               Santa Ana, California 92705

17   FOR THE DEFENDANT:          MR. ROLAND GARCIA
                                 MR. MARK G. CHRETIEN
18                               Greenberg Traurig LLP
                                 1000 Louisiana
19                               Suite 1700
                                 Houston, Texas 77002
20
     Official Court Reporter:    Lanie M. Smith, CSR, RMR, CRR
21                               Official Court Reporter
                                 United States District Court
22                               Southern District of Texas
                                 515 Rusk
23                               Room 8004
                                 Houston, Texas 77002
24
          Proceedings recorded by mechanical stenography,
25   transcript produced via computer.
```

2

                    P R O C E E D I N G S
            THE COURT: I didn't hear all the appearances. This is Keith Ellison.
                    For plaintiff, Michel Keck?
            MR. HIGBEE: Good afternoon, Your Honor. This is Mathew Higbee for plaintiff Michel Keck.
            THE COURT: Thank you.
                    For Mix Creative Learning Center?
            MR. CHRETIEN: Good afternoon. This is Mark Chretien with Greenberg Traurig; and my colleague Roland Garcia, I just spoke with him, he should be joining really soon.
            THE COURT: Are we ready to begin, or are we going to wait for Mr. Garcia?
            MR. CHRETIEN: Your Honor, we would like to wait for Mr. Garcia if that's okay.
                    (Brief pause in the proceedings.)
            MR. GARCIA: Roland Garcia here.
            THE COURT: Welcome, Mr. Garcia.
                    I think we have everybody now. This is Keith Ellison.
                    We're here on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint or in the Alternative Motion for More Definite Statement.
                    Would anybody like to add anything to what's in the papers?

03:30PM

1 MR. GARCIA: Your Honor, this is Roland Garcia on
2 behalf of the defendants and I am here prepared to make
3 argument, but I do think our papers have adequately stated it,
4 but I'm happy to elaborate if you have any questions.
5 THE COURT: No. No need for that.
6 Does plaintiff wish to say anything?
7 MR. HIGBEE: No, Your Honor.
8 THE COURT: Okay. To maintain a claim for copyright
9 infringement, the plaintiff must show -- (Inaudible.)
10 THE COURT REPORTER: Judge, this is the court reporter;
11 and you are cutting out. I can barely hear you.
12 THE COURT: Is this any better?
13 THE COURT REPORTER: That's perfect. Thank you.
14 THE COURT: District courts are generally not required

03:31PM 15 in the pleadings to include a copy of the copyright
16 registration and deposit materials. Most courts have found
17 pleadings to be sufficient.
18 Is there something different about this case that
19 makes the pleadings insufficient?

03:31PM 20 MR. GARCIA: Yes, Your Honor, there is. I could
21 elaborate briefly.
22 THE COURT: Why don't you tell me about that then.
23 MR. GARCIA: Yes, Your Honor.
24 I understand well the concept that the pleadings

03:31PM 25 are to be taken as true and that's the problem here because

```
                                                                      4
         1   when you take the plaintiff's pleadings as true and they say
         2   that attached to their amended complaint as Exhibit A is, in
         3   fact, a true and correct copy of the registered copyright
         4   material, we had no choice but to look at that because they
03:31PM  5   refused to produce to us the actual deposited material so we
         6   rely on that and you look at that and it doesn't match their
         7   allegation of what was registered and thus infringement.
         8              And so we do think it is a good motion.  We
         9   pointed this out twice now.  We pointed it out in our original
03:32PM 10   motion.  They then amended, but their amendment didn't correct
        11   it and they even doubled down.
        12              So we filed our amended motion to dismiss,
        13   Your Honor.  And what they argue as copyrighted material are
        14   some art pieces that have a registered mark on them.  They've
03:32PM 15   identified the registered mark to be the words "Michel Keck"
        16   and then they say, "Attached are their true and correct
        17   copyrights."
        18              Well, the works that we used, none of them have
        19   that exact mark on them and not in the right place that's
03:33PM 20   alleged where they would be.  And so you take that as true, as
        21   they say themselves, that it must be taken as true because they
        22   refused to give us the deposits, then we've not -- there's been
        23   no copyright infringement.
        24              And you know, my clients acted in good faith.
03:33PM 25   There's really what we're talking about are six alleged uses of
```

|  |  |
|---|---|
| | 1  the alleged copyright.  There's six art kits, two of them |

1  the alleged copyright.  There's six art kits, two of them
2  bought by the plaintiff herself, I guess, to build up the
3  claim.  And at most it was $240 of sales.  My client stopped
4  immediately when the accusation was made.
5              THE COURT:  I'm concerned about that myself,
6  Mr. Garcia.  It does seem like the penalties in this case may
7  be disproportionate to the offense, but that's not today's
8  issue precisely.
9              MR. GARCIA:  That's right, Judge.  So that's why this
10  case is a little different than your typical, you take the
11  allegation of a copyright at face value; but here where the
12  allegation doesn't match the infringement, we had a right to
13  say, "Well, can you show me your deposit?"
14              They said, "Sure," and now they refuse.
15              And so we believe the motion is good and on the
16  face of the pleadings, it's not a plausible claim.
17              Thank you, Judge.
18              THE COURT:  Let me get the plaintiff's response.
19              MR. HIGBEE:  Thank you, Your Honor.
20              Obviously we disagree and I think respectfully
21  Mr. Garcia is maybe conflating two unrelated allegations in the
22  complaint.  I just want to briefly address the claim that we're
23  refusing to provide anything and I think we mentioned it just
24  briefly in a footnote in our motion, but the registration
25  process itself takes place only online.  The person goes on,

03:35PM lines 5, 10
03:36PM lines 15, 20, 25

1  they click through the screens, they submit an uploaded digital
2  file. It goes off to the Copyright Office; and then if the
3  registering party requests it, then a paper certificate is
4  issued.
5       No deposit copy is returned to the registering
6  party. You know, to the extent that someone wants to get a
7  copy of one, they can go to the Copyright Office. And having
8  done it myself numerous times, the Copyright Office will
9  literally just FedEx you a CD with files on it. It's not like
10 there's some official embossed paperwork with the copyright on
11 it.
12      THE COURT: Let me ask, have you refused the
13 defendants' request to produce anything?
14      MR. HIGBEE: Well, Your Honor, there hasn't been any
15 formal discovery. We had stated --
16      THE COURT: I don't think we ought to insist on that.
17 For the basic information, Rule 26 ought to cover this.
18      MR. HIGBEE: Right, Your Honor.
19      And we've produced the registration numbers. The
20 exhibits in the complaint are the images that are registered,
21 and I'll address Mr. Garcia's second concern in a moment.
22      So essentially, you know, we would just say,
23 "Look at Exhibit A. Here it is. This is what's registered,
24 right?"
25      The second concern that I'm hearing Mr. Garcia

6

            they click through the screens, they submit an uploaded digital
            file.  It goes off to the Copyright Office; and then if the
            registering party requests it, then a paper certificate is
            issued.
                     No deposit copy is returned to the registering
            party.  You know, to the extent that someone wants to get a
            copy of one, they can go to the Copyright Office.  And having
            done it myself numerous times, the Copyright Office will
            literally just FedEx you a CD with files on it.  It's not like
            there's some official embossed paperwork with the copyright on
            it.
                     THE COURT:  Let me ask, have you refused the
            defendants' request to produce anything?
                     MR. HIGBEE:  Well, Your Honor, there hasn't been any
            formal discovery.  We had stated --
                     THE COURT:  I don't think we ought to insist on that.
            For the basic information, Rule 26 ought to cover this.
                     MR. HIGBEE:  Right, Your Honor.
                     And we've produced the registration numbers.  The
            exhibits in the complaint are the images that are registered,
            and I'll address Mr. Garcia's second concern in a moment.
                     So essentially, you know, we would just say,
            "Look at Exhibit A.  Here it is.  This is what's registered,
            right?"
                     The second concern that I'm hearing Mr. Garcia

         1   say is that there's an allegation in the complaint about a

         2   trademarked signature that Ms. Keck uses.  That's completely

         3   different.  We have a separate claim for trademark infringement

         4   than we do for copyright infringement.

03:36PM   5             We're not saying and we've never said in the

         6   pleadings or anywhere else that the deposited material contains

         7   the trademark on it -- the deposited material from the

         8   copyright rather contains the trademark on it.

         9              What we're saying is that Ms. Keck has applied

03:37PM  10   for and been granted a copyright registration in these works of

        11   art and that completely separately, she has applied for a

        12   trademark in her name for goods and services and that in

        13   commerce when she distributes these things, she combines the

        14   two.  We're not saying that the trademark appears on the

03:37PM  15   copyrighted work as it was registered.

        16             So I think that's where the confusion lies,

        17   right?  And, you know, because a trademark and a copyright,

        18   those are two completely separate things.  So to Mr. Garcia's

        19   point of, well, they're saying that this is a true and correct

03:37PM  20   thing, but it doesn't have the trademark on it, well, you know,

        21   there's no requirement that a copyright registration also

        22   include a trademark.  Those are two separate things.

        23             And the final point that I'll make, Your Honor,

        24   is that Rule 8 is very clear that it just needs to be a short

03:38PM  25   and plain statement that the complaining party is entitled to

relief. All it says is "statement." It doesn't even require that there be any exhibits or anything like that. We obviously added them here because we think --

THE COURT: You say you've not refused to produce anything?

MR. HIGBEE: Well, my point, Your Honor, is, you know, if I were to e-mail the files that Mr. Garcia is requesting, it would literally just be Exhibit A to the complaint and say here are the six.

THE COURT: Are you saying that everything that he's requested, you've already produced?

MR. HIGBEE: Yes. And I would say, you know, look at Paragraph 17 and that will tell you exactly what the registration numbers are because that's all my client has.

The Copyright Office does not return any type of anything that is a quote, unquote deposit copy. The Copyright Office maintains that at the Library of Congress. If someone wants one, they can pay a fee and they can request it to verify, I guess, that that is what's registered under that certificate if there's any type of question over that.

THE COURT: Mr. Garcia, is that responsive at all to your concerns?

MR. GARCIA: You know, Judge, he didn't answer your question and here is why -- and you've asked it twice.

And that is that during the course of this -- and

1   I know it's not relevant to the motion; but because we were
                  2   trying to evaluate this demand, I said, "Well, golly, can you
                  3   show me your copyright and can you show me your deposits so we
                  4   can evaluate this?
    03:39PM       5              And he said, "Sure.  We will send it to you."
                  6              That's why filed in the court records,
                  7   Your Honor, are, I think, two or three unopposed motions for
                  8   extension of time for us to respond because he was gathering it
                  9   from his client -- the deposit material and the licensing and
    03:40PM      10   damage material.
                 11              And as Your Honor points out, I'm entitled to
                 12   have that up front.
                 13              And so he was -- and then finally he decided, you
                 14   know, I'm not going to give it to you.  If you want it, you've
    03:40PM      15   got to go to the Copyright Office and request it, blah, blah,
                 16   blah, which is now what he's telling you.
                 17              So that's point one.  I never got the deposit
                 18   material.  He's saying for the first time on the phone here,
                 19   well, if he was to give it to me it would just be recopying
    03:40PM      20   what's Exhibit A to his amended complaint.
                 21              Okay.  Well, now let's talk about that, Judge.
                 22   And that is that he's arguing that Paragraph 17 of his amended
                 23   complaint is the sufficient brief description.  It is not.
                 24   It's copyright numbers, alleged registration numbers.
    03:41PM      25              But Paragraph 15 of his amended complaint is

really important because it says: "True and correct copies of Keck's works are attached hereto as Exhibit A."

So then I have no choice but to presume, and I guess it's now admitted, is that you go to Exhibit A for what actually is deposited, the registered work.

You go to the registered work then. It doesn't match -- the allegation doesn't match because they say in paragraph -- right here they say in Paragraph 20 that it is her custom and practice to affix her registered mark to each of her works, most typically the bottom right-hand corner.

Okay. You take that as true since they won't give me the deposit and then you look at what is in Exhibit A, it doesn't match that.

So it's a motion on what they're now admitting are the deposit and we believe it is a good motion and so they haven't produced the deposit. They want me to go to the Copyright Office and pay money to get it myself. And so it looks like now all we've got to do is look at Exhibit A.

So we stand on the motion, Judge. We think it's good. And they've now had two opportunities to fix this, and they haven't done it.

So we still move to dismiss, Your Honor.

MR. HIGBEE: May I respond, Your Honor?

THE COURT: Yes, Mr. Higbee.

MR. HIGBEE: Thank you.

11

We have explained to Mr. Garcia that our client, because the Copyright Office does not return deposited materials, that there is no quote, unquote deposit copy that my client has.

She can send over the exact same files that she sent to the Copyright Office and Mr. Garcia will probably raise the exact same issues -- "How do we know that this is the deposited copy," right?

THE COURT: Well, but I think you ought to produce them; but we can argue about duplicity and redundancy and all that later, but I don't know why you can't produce them.

MR. HIGBEE: Certainly, Your Honor. And I apologize if, you know, we were sounding like we're saying, "Oh, we're never going to produce this" or anything.

Our point is just, you know -- certainly I can have someone from my office e-mail it over today, but it's going to be Exhibit A.

And, again, just to repeat the point, there's a conflating of the copyright and the trademark, right? It is Ms. Keck's practice to affix her trademarked signature to her paintings. That does not mean and it does not say anywhere in the complaint that she has affixed her signature, her trademark signature, to the copies that were deposited. It just says that she registered these works to issue these certificates and then when she goes out and puts them into commerce, she puts

```
                1   her trademark on them, right?
                2              So the fact that Exhibit A doesn't have the
                3   trademark on it, I don't think leads to the conclusion that
                4   there's some type of fatal error to the allegations.
03:44PM         5              THE COURT:  The copyrighted material doesn't have to
                6   have a trademark, but I think the other side is entitled to
                7   whatever you have and they may have a different
                8   characterization of what it is.
                9              MR. HIGBEE:  Sure.  And I think our point, Your Honor,
03:44PM        10   was just explain to the defense counsel multiple times that if
               11   they want to verify that this is what was actually registered
               12   rather than taking our word for it, rather than looking at
               13   what's in the complaint, which they clearly have issues with
               14   and they're entitled to have issues, the only way they can
03:45PM        15   verify that is to go to the Copyright Office and order that
               16   deposit copy.
               17              There's no record that my client has from the
               18   Copyright Office that shows that this particular painting was
               19   deposited with this specific --
03:45PM        20              THE COURT:  Have you communicated that in the letter to
               21   Mr. Garcia's office then?
               22              MR. HIGBEE:  I believe we have in e-mails, Your Honor.
               23              THE COURT:  Well, I tell you what.  I'm not going to
               24   grant the dismissal today.  I'm going to give you seven days to
03:45PM        25   exchange the documents we've talked about, Mr. Higbee.  And if
```

```
03:46PM   1   either party then -- if either party wants more time with the
          2   Court, you can notify us and we'll get you heard promptly.
          3            But for now, the motion to dismiss is denied
          4   without prejudice.
          5            MR. HIGBEE:  Thank you, Your Honor.
          6            THE COURT:  Thank you very much.
          7            MR. GARCIA:  Thank you, Judge.
          8                (The proceedings were adjourned.)
          9                          * * * *
         10                    REPORTER'S CERTIFICATE
         11            I, Lanie M. Smith, CSR, RMR, CRR, Official
              Court Reporter, United States District Court, Southern District
         12   of Texas, do hereby certify that the foregoing is a true and
              correct transcript, to the best of my ability and
         13   understanding, from the record of the proceedings in the
              above-entitled and numbered matter.
         14
         15                              ___/s/ Lanie M. Smith_____
                                            Official Court Reporter
```