**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHEL KECK,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 4:21-cv-430** |
| | § | |
| **vs.** | § | |
| | § | |
| **MIX CREATIVE LEARNING CENTER,** | § | |
| **LLC,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Mix Creative Learning Center, LLC, Jacqueline P. Kenneally and Does 1 through 10 inclusive ("Defendants" or "Mix Creative") file this, their Answer and Affirmative Defenses to the First Amended Complaint ("Complaint" of Plaintiff Michel Keck ("Keck" or "Plaintiff"), and respectfully show the Court as follows:

## ANSWER

Mix Creative responds as follows to each correspondingly-numbered paragraph of the Complaint. All allegations of the Complaint not specifically admitted are denied.

### JURISDICTION AND VENUE

1.      Mix Creative admits Plaintiff makes the allegations of the nature of the case and seeks the relief contained in paragraph 1 of the Complaint.

2.      Mix Creative admits that Keck purports that this Court has subject matter jurisdiction over the copyright infringement, false advertising and false designation of origin claims in the Complaint. Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint, and denies these allegations on this basis.

3.      Mix Creative admits that Defendants conduct business within the state of Texas. Mix Creative denies the remaining allegations contained in paragraph 3 of the Complaint.

4.      Mix Creative admits that venue in this judicial district is proper.  Mix Creative denies the remaining allegations contained in paragraph 4 of the Complaint.

## PARTIES

5.      Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint, and denies these allegations on this basis.

6.      Mix Creative admits the allegations contained in paragraph 6 of the Complaint.

7.      Mix Creative admits the allegations contained in paragraph 7 of the Complaint.

8.      Mix Creative denies the allegations contained in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.      Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint, and denies these allegations on this basis.

10.      Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint, and denies these allegations on this basis.

11.      Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint, and denies these allegations on this basis.

12.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 12 of the Complaint, and denies these allegations on this basis.

13.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint, and denies these allegations on this basis.

14.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 14 of the Complaint, and denies these allegations on this basis.

15.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint, and denies these allegations on this basis.

16.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint, and denies these allegations on this basis.

17.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint, and denies these allegations on this basis.

18.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint, and denies these allegations on this basis.

19.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 19 of the Complaint, and denies these allegations on this basis.

20.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint, and denies these allegations on this basis.

21.     Mix Creative admits the allegations contained in paragraph 21 of the Complaint.

22.     Mix Creative admits it is an art studio, and as to specific language at the specific site, it denies the allegations contained in paragraph 22 of the Complaint.

3

23.     Mix Creative admits that it sells "artmix kits," and due to vagueness in paragraph 23 is not able to  admit the remaining allegations, and thus it denies the allegations contained in paragraph 23 of the Complaint.

24.     Mix Creative admits that it was selling a product titled "Michel Keck inspired dog masterpiece kit" for $40.00 via the Artmix website. Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint, and denies these allegations on this basis.

25.     Mix Creative admits the allegations contained in paragraph 25 of the Complaint.

26.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint, and denies these allegations on this basis, except that Mix Creative admits that Exhibit B to the Complaint purports to be a copy of the advertisement for the Artmix Kit.

27.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint, and denies these allegations on this basis.

28.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint, and denies these allegations on this basis.

29.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint, and denies these allegations on this basis, except that Mix Creative admits that Exhibit C to the Complaint purports to be true and correct pictures of the contents of the Artmix Kit that was purchased by Keck.

30.     Mix Creative denies the allegations contained in paragraph 30 of the Complaint.

4

31.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 31 of the Complaint, and denies these allegations on this basis.  To the extent that paragraph 31 contains a legal conclusion, no responsive pleading is needed.

## FIRST CAUSE OF ACTION

32.     The responses to the foregoing Paragraphs 1 through 31 are realleged herein.

33.     Mix Creative is without sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint, and denies these allegations on this basis.

34.     Mix Creative denies the allegations contained in paragraph 34 of the Complaint on this basis.

35.     Mix Creative admits that Plaintiff seeks the relief requested in paragraph 35 of the Complaint, but denies that Plaintiff is entitled to it, and denies the allegations contained in paragraph 35 of the Complaint on this basis.

36.     Mix Creative admits that Plaintiff seeks the relief requested in paragraph 36 of the Complaint, but denies that Plaintiff is entitled to it, and denies the allegations contained in paragraph 36 of the Complaint on this basis.

37.     Mix Creative admits that Plaintiff seeks the relief requested in paragraph 37 of the Complaint, but denies that Plaintiff is entitled to it, and denies the allegations contained in paragraph 37 of the Complaint on this basis.

## SECOND CAUSE OF ACTION

38.     The responses to the foregoing Paragraphs 1 through 37 are realleged herein.

39.     Mix Creative denies the allegations contained in paragraph 39 of the Complaint.

40.     Mix Creative denies the allegations contained in paragraph 40 of the Complaint.

41.     Mix Creative admits that Plaintiff seeks the relief requested in paragraph 41 of the Complaint, but denies that Plaintiff is entitled to it, and denies the allegations contained in paragraph 41 of the Complaint on this basis.

42.     Mix Creative denies the allegations contained in paragraph 42 of the Complaint.

43.     Mix Creative denies the allegations contained in paragraph 43 of the Complaint.

44.     Mix Creative denies the allegations contained in paragraph 44 of the Complaint.

45.     Mix Creative admits that Plaintiff seeks the relief requested in paragraph 45 of the Complaint, but denies that Plaintiff is entitled to it, and denies the allegations contained in paragraph 45 of the Complaint on this basis.

## PRAYER FOR RELIEF

1.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 1 of the Prayer, but denies that Plaintiff is entitled to any such relief.

2.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 2 of the Prayer, but denies that Plaintiff is entitled to any such relief.

3.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 3 of the Prayer, but denies that Plaintiff is entitled to any such relief.

4.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 4 of the Prayer, but denies that Plaintiff is entitled to any such relief.

5.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 5 of the Prayer, but denies that Plaintiff is entitled to any such relief.

6.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 6 of the Prayer, but denies that Plaintiff is entitled to any such relief.

7.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 7 of the Prayer, but denies that Plaintiff is entitled to any such relief.

8.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 8 of the Prayer, but denies that Plaintiff is entitled to any such relief.

9.      To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 9 of the Prayer, but denies that Plaintiff is entitled to any such relief.

10.     To the extent Mix Creative is required to answer Plaintiff's "Prayer," Mix Creative admits that Plaintiff seeks certain relief in paragraph 10 of the Prayer, but denies that Plaintiff is entitled to any such relief.

## **AFFIRMATIVE DEFENSES**

Mix Creative asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth herein.  By setting forth these defenses, Mix Creative does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Keck.  Mix Creative reserves the right to plead any and all affirmative defenses that may be evident or appreciated after investigation and discovery in this matter.

1.      Keck is not entitled to any relief due to unclean hands and bad faith.

2.      Keck's claims are barred in whole or in part by the doctrine of waiver.

3.      Keck's claims are barred in whole or in part by the doctrine of estoppel.

4.      Keck's claims are barred in whole or in part by the doctrine of laches.

5.      Keck's claims are barred in whole or in part by the doctrine of acquiescence, authority, or permission.

6.      Keck's claims are barred in whole or in part by the doctrine of abandonment.

7.      Keck's claims are barred in whole or in part by statutes of limitation.

8.      Keck's claims are barred in whole or in part by lack of timely or applicable copyright.

9.      Keck's claims are barred in whole or in part by improper recordation of copyright.

10.      Keck's claims are barred in whole or in part by lack of ownership of copyrights.

11.      Keck's claims are barred in whole or in part by failure to satisfy all conditions precedent.

12.     Keck fails to state a claim for which relief may be granted.

13.     Keck's claims are brought for an improper purpose, such as to harass and to needlessly increase the cost of litigation.   *See* F.R.C.P. 11(b)(1).

14.     Keck's claims are not based on reasonable inquiry under the circumstances.  FRCP 11(b).

15.     Keck's claims are barred in whole or in part because if there was a technical copyright infringement, which is denied, such infringement was innocent under the Copyright Act. 17 U.S.C. § 101, *et seq.*

16.     Keck's claims are barred in whole or in part because Keck has failed to mitigate her damages, if any.

17.     Keck's claims are barred in whole or in part because of lack of standing.

18.     Keck's claims are barred in whole or in part because Keck's complaint does not state a plausible claim for relief on its face and due to undisputed facts.

19.     Keck is not entitled to statutory damages or attorney's fees under the Copyright Act.

20.     Plaintiff's actions and claims are wrongfully inflated, objectively unreasonable, improperly motivated, contrary to the facts and law, and needlessly multiply and wrongfully prolong these proceedings.

20.     Keck's claims for willful infringement are contrary to the facts and not available under the Copyright Act.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants request this Court to:

(i)     deny any and all relief sought by Plaintiff;

(ii)    award Defendants recovery of their full costs and their reasonable and necessary attorneys' fees incurred in defending against Plaintiff's claims as prevailing parties pursuant to 17 U.S.C. § 505, and under FRCP 11(b), 11(b)(1), 26(b)(2)(C)(i), 26(b)(2)(C)(iii), and 37, and the Court's inherent authority, and all other applicable statutes and rules of law; and

(iii)    grant Defendants all other and further relief at law and in equity to which they show themselves are justly entitled.

Respectfully submitted,

Dated: April 4, 2022

By:  /s/ Roland Garcia
Roland Garcia
Attorney in Charge
Texas Bar No. 07645250
S.D. Admission No. 8420
Mark Chretien
Texas Bar No. 24036364
S.D. Admission No. 36313
1000 Louisiana, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3500
Facsimile: (713) 754-3505

10

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through the Court's ECF system on the 4th day of April, 2022.

_____/s/ Roland Garcia_____
Roland Garcia