UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHEL KECK,<br><br>    Plaintiff,<br><br>v.<br><br>MIX CREATIVE LEARNING CENTER, LLC; JACQUELINE P. KENNEALLY and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No. 4:21-cv-00430<br><br>**MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## MOTION FOR SUMMARY JUDGMENT

 Plaintiff Michel Keck respectfully moves the Court for summary judgment as to Defendant Mix Creative Learning, LLC and Jaqueline P. Kenneally's liability for copyright infringement arising out of the use of six of Keck's copyrighted works.

 This Motion is supported by the attached memorandum of points and authorities, the declarations of Michel Keck and Mathew K. Higbee, the concurrently filed Separate Statement of Undisputed Facts, and the pleadings, files and other materials that are on file with the Court or may be presented.

| | |
|---|---|
| Dated: October 14, 2022 | Respectfully submitted,<br><br>**/s/ Mathew K. Higbee**<br>Mathew K. Higbee, Esq.,<br>Texas Bar No. 24076924<br>**HIGBEE & ASSOCIATES**<br>1504 Brookhollow Dr., Ste 112<br>Santa Ana, CA 92705-5418<br>(714) 617-8336<br>(714) 597-6729 facsimile<br>mhigbee@higbeeassociates.com<br>*Counsel for Plaintiff* |

I.  **INTRODUCTION**

This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.* as well as false advertising and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §1051, et seq.

A.  **Michel Keck is an acclaimed artist.**

Plaintiff Michel Keck ("Keck") is a successful and acclaimed artist, known for her highly original abstract art and mixed media paintings. *See* Separate Statement of Undisputed Facts ("SSUF") No. 1. Keck's corporate projects include working with many of Nordstrom's Department stores across the U.S. to create original mixed media pieces for their Savvy Departments, and creating mixed media pieces for national restaurant chain Bar Louie. SSUF No. 2. In addition to creating artwork, Keck also sell various pieces of merchandise featuring her original mixed media designs. SSUF No. 3.

One of Keck's most popular collections is her Dog Art series comprising mixed media collage style paintings of various dog breeds. SSUF No. 4. Keck is the sole creator and exclusive rights holder to six works, including a Bulldog ("Bulldog Work"), a Labrador ("Labrador Work"), a Snorkie ("Snorkie Work"), a Shih Tzu ("Shih Tzu Work"), a Great Dane ("Great Dane Work") and a German Shepard ("German Shepard Work"), (collectively the "Works"). SSUF No. 5.

Keck has registered the Works with the United States Copyright Office. SSUF No. 6. The Bulldog Work, Labrador Work, Shih Tzu Work, and German Shepard Work were registered under registration VA 1-814-036 with an effective registration date of March 26, 2012. SSUF No. 7. The Great Dane Work was registered under registration VA 2-041-480 with an effective registration date of October 29, 2016. SSUF No. 8. The Snorkie Work is registered under registration VA 2-104-131 with an effective registration date of May 23, 2018. SSUF No. 9.

In addition to a protectable copyright interest in the Works, Keck has also

registered the word mark "Michel Keck" with the United States Patent and Trademark Office under registration number 5280022 ("Trademark"). SSUF No. 10. Keck utilizes the Trademark in connection with both her artwork as well as the various merchandise and other products that she sells. SSUF No. 11.

### B. Defendants sell art related services and products.

Defendant Jaqueline P. Kenneally ("Kenneally") is the sole proprietor and 100% owner of Mix Creative Learning Center, LLC ("Mix Creative"). SSUF No. 12. Mix Creative is the owner and operator of the website www.artmix.studio. SSUF No. 13. During the relevant time period, Mix Creative offered a number of paid products and services through its website including lesson memberships, painting kits, party bookings, and more. SSUF No. 14.

### C. Defendants unlawfully infringe Keck's copyrighted Works.

In November 2020, Keck discovered that Defendants a product being sold through the Mix Creative website for $40.00 titled "Michel Keck inspired dog masterpiece kit" ("Artmix Kit"). SSUF No. 15. Keck subsequently purchased an Artmix Kit. SSUF No. 16. Upon receiving the ArtmixKit in the mail, Keck discovered that it included unauthorized copies of her Works. SSUF No. 17.

Kenneally was solely responsible for the creation and assembling of the ArtmixKit. SSUF No. 18. In order to obtain the Works to place in the Artmix Kit, Kenneally personally performed a Google Images search wherein she saw images of Keck's dog paintings, including the Works, in the search results, and then she right clicked on one of the images of the Works, and selected "copy image," and then pasted and saved the image locally on to her computer or into a document on the computer, and used the copy to create materials included in the Artmix Kit. SSUF No. 19.

When performing a Google Image search and reviewing the search results, the image that is clicked is enlarged and appears in a black box with the disclaimer "Images May Be Subject To Copyright. Learn More" and containing a link to an

article on Google's "Copyright Help Center" entitled "What is Copyright?" SSUF No. 20.

Keck never authorized Mix Creative or Kenneally to use the Trademark to sell the Artmix Kits, nor did she authorize Defendants to include copies of her Works in the Artmix Kits. SSUF No. 21.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and the evidence demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)Summary judgment is appropriate if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The moving party need only point to the absence of evidence proffered by the non-moving party. *Celotex*, 477 U.S. at 325.

Here, the undisputed facts clears demonstrate that Defendants have engaged in *prima facie* copyright infringement of Keck's works.

## III.    DEFENDANTS HAVE ENGAGED IN PRIMA FACIE INFRINGMENT

To establish a prima facie case of copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). Copyright infringement is a strict liability tort and a plaintiff does not need to prove a defendant's mental state to prosecute a copyright claim. *Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 573 (S.D. Tex. 2019) (citing cases). A copyright holder retains the exclusive rights to reproduce their works, prepare derivative works, and to distribute copies of their works. 17 U.S.C. § 106(1)-(3).

In this case, Keck qualifies for the statutory presumption of ownership of valid copyrights to the Works because she registered the Works with the Copyright Office within five years of publication. Even if the presumption were not applied, Keck's Works easily make the grade to qualify as original works or authorship meriting copyright protection.

Additionally, both Mix Creative and Kenneally have engaged in infringement through the unauthorized copying of the Works from the Internet and placing copies of the Works into the Artmix Kits to be sold and distributed to the public. Although Kenneally attempts to argue that she was merely acting in her capacity as owner of Artmix, this distinction is irrelevant because under the copyright laws, direct participants in infringement may be held personally liable for their actions regardless of the capacity in which they might be acting.

Thus, summary judgment should be entered in favor of Keck and against Mix Creative and Kenneally as to Keck's claim for copyright infringement.

A. **Keck owns valid copyrights in the Works.**

A certificate of registration validly obtained from the Copyright Office within five years of first publication of a work constitutes *prima facie* evidence of the originality of the work and of the facts stated therein, including ownership. *See* 17 U.S.C. § 410(c). Here, it is undisputed that Keck registered all of her Works with the Copyright Office within five years of publication.

The Bulldog Work, Labrador Work, Shih Tzu Work, and German Shepard Work were registered under registration VA 1-814-036 with an effective registration date of March 26, 2012. SSUF No. 7. Registration certificate VA 1-814-036 lists the date of publication as November 18, 2008, which is approximately three and one-half years prior to registration.

The Great Dane Work was registered under registration VA 2-041-480 with an effective registration date of October 29, 2016. SSUF No. 8. Registration certificate VA 2-041-480 lists the date of publication as March 12, 2013, which is also

approximately three and one-half years prior to registration.

Finally, the Snorkie Work is registered under registration VA 2-104-131 with an effective registration date of May 23, 2018. SSUF No. 9. Registration certificate VA 2-104-131 lists the date of publication as January 6, 2017, which is approximately one and a half years prior to registration.

Because all of the Works were registered within five years of publication, the perfected certificates constitute *prima facie* evidence of Keck's ownership of a valid copyright in the Works. *See* 17 U.S.C. § 410(c)

Even if the statutory presumption did not apply, Keck's Work's easily make the grade. Painted artwork has long been the subject of copyright. *See* 17 U.S.C. § 102(a)(5) (extending copyright protection to "pictorial, graphic, and sculptural works"). "To qualify for copyright protection, a work must be original to the author." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Ibid.* "The requisite level of creativity is extremely low," and "[t]he vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Ibid.*

Here, Keck's Works are highly creative mixed media pieces that put a unique and highly original "twist" on traditional animal portraiture. The Works clearly possess a sufficient "creative spark" to be considered original.

Thus summary judgment should be entered in favor of Keck as to the first "ownership" element of copyright infringement.

**B.     Defendant's admittedly copied and distributed Keck's Works.**

It is not disputed that Kenneally downloaded the Works via a Google Image search and that and was responsible for creating the Artmix Kits that incorporated Keck's Works and were sold for $40.00 each through the Mix Creative Website. *See*

SSUF Nos. 15-19. Keck never authorized such conduct. SSUF No. 21. These undisputed acts violated Keck's exclusive right to reproduce her Works by making copies, her exclusive right prepare derivative works, and her exclusive right to distribute copies of her Works. 17 U.S.C. § 106(1)-(3).

That the Works were publicly searchable via Google Images is irrelevant. The mere fact that a copyrighted work is published on the Internet does not automatically give the viewer an unlimited license to violate the copyright holder's exclusive rights. *See e.g. Veeck v. S. Bldg. Code Cong. Int'l Inc.*, 241 F.3d 398, 409 (5th Cir. 2001) (Observing that "countless entities provide free access to materials on the Internet and still retain enforcement of their copyrights."[quotation omitted]); *see also Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1281-82 (M.D. Fla. 2008) ("Defendants provide no authority for the proposition that the posting of the BBQE on Plaintiff's website granted an implied license to all [I]nternet users or that the work thereby entered the 'public domain.'"). Indeed, in order to exploit many of the exclusive rights of copyright, the copyright holder is often required to disseminate the work publicly in some manner. *See* 17 U.S.C. § 106(3)(exclusive right to distribute); (4)(exclusive right to publicly perform); (5)(exclusive right to publicly display).

Similarly, that Kenneally was allegedly acting in her capacity as owner of Mix Creative when she took these actions is also irrelevant. In copyright infringement actions, an individual, including a corporate officer, is jointly and severally liable for infringement if the individual personally participates in the infringing activity. *Broadcast Music, Inc. v. Hobi, Inc.*, 20 F.3d 1171, 1994 WL 144812, at *2 (5th Cir. Apr. 8, 1994) (unpublished) (citing *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 834 (8th Cir. 1992) ("An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity, is personally liable for the infringement.") (citation omitted)); *Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1259 (S.D. Tex. 1989), aff'd, 915 F.2d 1567 (5th Cir. 1990).

Because it is undisputed that Kenneally is the individual responsible for downloading copies of the Works from the Internet and preparing the Artmix Kits, she can be held personally liable.

Thus summary judgment should be entered in favor of Keck as to the second "copying" element of copyright infringement.

In conclusion, the undisputed facts establish that Mix Creative and Kenneally are liable for copyright infringement of Keck's Works.

### C. Summary Judgment is also appropriate as to "willfulness."

Under the copyright act, a plaintiff may recover statutory damages. *See* 17 U.S.C. § 504. Although the default range statutory damages does not require proof of intent, the range of statutory damages can be increased or decreased if a court determines the infringement to be "willful" or "innocent." *See* 17 U.S.C. § 504(c). Here, while Keck does not seek summary judgment as to the amount of damages, she seeks summary judgment on the issue of "willfulness."

To prove willful infringement, "the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Berg v. Symons*, 393 F. Supp. 2d 525, 539-40 (S.D. Tex. 2005) (citing cases); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir. 2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement.").

Here, it is clear that Defendants acted with 'reckless disregard' or 'willful blindness' towards Keck's rights in the Works.

First, it is undisputed that Defendants marketed the Artmix Kit as "Michel Keck inspired dog masterpiece kit." SSUF No. 15. This clearly indicates that Defendants were fully aware that the Works contained in the Artmix Kit were created by Keck. Despite this, Defendants never contacted Keck to request permission to use the Works or to market the Artmix Kit with her name.

Second, Kenneally admittedly downloaded copies of the Works from Google after performing an Internet search. *See* SSUF No. 19. When performing a Google Image search and reviewing the search results, the image that is clicked is enlarged and appears in a black box with the disclaimer "Images May Be Subject To Copyright. Learn More" and containing a link to an article on Google's "Copyright Help Center" entitled "What is Copyright?" SSUF No. 20. These clear disclaimers provided by Google clearly put Kenneally on notice to investigate further as to whether Keck would assert copyright protection over the Works, or at the very least, to approach Keck to seek permission to use her Works in the Artmix Kit. Instead, Kenneally chose to disregard the disclaimer and to proceed with downloading and distributing the Works in the commercial Artmix Kit without so much as even attempting to contact Keck.

Because Defendants clearly knew the Works were created by Keck and ignored clear disclaimers by Google indicating that the Works might be subject to copyright, it is clear that Defendants acted with reckless disregard or willful blindness when downloading, copying, and distributing the Works through the commercialized Artmix Kit.

Thus, summary judgment should be entered in favor of Keck on the issue of willfulness.

## IV.   ALL OF DEFENDANTS' AFFIRMATIVE DEFENSES FAIL

Finally summary judgment should be granted in favor of Keck as to all of the Affirmative Defenses raised in the First Amended Answer[1].

### A.   Unclean Hands or Bad Faith

The defense of illegality or unclean hands is "recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action. For instance, the defense has been recognized when plaintiff misused the process of the courts by falsifying a court order or

---

[1] This document was recently filed by Defendants on September 19, 2022 at Dkt. #44.

evidence, or by misrepresenting the scope of his copyright to the court and opposing party." 4 Nimmer on Copyright § 13.09[B] (citing *L.A. News Serv. v. Tullo*, 973 F.2d 791, 799 (9th Cir. 1992)) (internal footnotes omitted).

Defendants have not yet identified any specific conduct which could constitute unclean hands. To the extent that Defendants intend to argue that this lawsuit was brought in bad faith, "the filing of a lawsuit cannot itself form the basis of an unclean hands defense." *Gen-Prob, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 952 (S.D. Cal. 1997). Because Defendants bear the burden on their affirmative defenses, unless Defendants can carry their burden of production, summary judgment must be entered in favor of Keck.

**B.     Waiver**

"[A] claim of waiver requires proof of an intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it." *Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471, 482 (2d Cir. 2004) (quotation omitted).

Here, Keck has not intentionally relinquished any of her rights to her Works as evidence both by her registering the with the United States Copyright Office and her attempts to enforce them via this lawsuit.

Thus, summary judgment must be entered in favor of Keck.

**C.     Estoppel**

For its third affirmative defense of "estoppel" Defendants have not yet identified any specific fact or legal basis that Keck should be estopped from asserting an infringement claim. Because Defendants bear the burden on their affirmative defenses, unless Defendants can carry their burden of production, summary judgment must be entered in favor of Keck.

**D.     Laches**

The U.S. Supreme Court has done away with laches as an affirmative defense to copyright infringement since the copyright statute of limitations, 17 U.S.C. §

507(b) takes account of delay. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 677.

Thus, summary judgment is appropriate for this affirmative defense.

### E. Acquiescence, Authority or Permission

Defendants' fifth affirmative defense of "acquiescence, authority, or permission" must fail. It is not disputed that Keck did not expressly authorize the Defendants to use her Works in the Artmix Kit. SSUF No. 21. Indeed, far from "acquiescing" to Defendants conduct, Keck has sought to enforce her rights via this infringement suit.

Thus, summary judgment is appropriate for this affirmative defense.

### F. Abandonment

Defendants' sixth affirmative defense of "abandonment" must fail. It is not disputed that Keck registered her Works with the United States Copyright Office. SSUF Nos. 6-9. Indeed, far from "abandoning" her rights to the Works, Keck has sought to enforce her rights via this infringement suit.

Thus, summary judgment is appropriate for this affirmative defense.

### G. Statute of Limitations

Defendants' seventh affirmative defense of "statute of limitations" must fail. The copyright statute of limitations begins to run three years from the date the claim accrues. 17 U.S.C. § 507(b). The Fifth Circuit has continued to apply the "discovery rule" in copyright cases which holds that a claim "accrues" once it is discovered by the copyright holder. *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based.").

Here it is not disputed that in November 2020, Keck discovered that Defendants has infringed her works via the Artmix Kit. SSUF No. 15. Keck subsequently brought this lawsuit approximately four months later, well within the three year statute of limitations. *See* Dkt. #1. Thus, summary judgment is appropriate

for this affirmative defense.

### G. Lack of Timely Copyright

Defendants' eight affirmative defense states that Keck's claim is allegedly barred due to "lack of timely or applicable copyright."

The Copyright Act specifically states that copyright interest in an original work of authorship "endures for a term consisting of the life of the author *and 70 years after the author's death*." 17 U.S.C. § 302(a) (emphasis added). Because Keck is still living her copyright is "timely" and can be enforce. Additionally, it is not disputed that Keck registered her Works with the United States Copyright Office and that such registrations were accepted. SSUF Nos. 6-9.

Thus, summary judgment is appropriate for this affirmative defense.

### H. Improper Recordation of Copyright

Defendants' ninth affirmative defense states that Keck's claim is allegedly barred due to "by improper recordation of copyright."

It is not disputed that Keck registered her Works with the United States Copyright Office and that such registrations were accepted. SSUF Nos. 6-9.

Thus, summary judgment is appropriate for this affirmative defense.

### J. Lack of Ownership

Defendants' tenth affirmative defense states that Keck's claim is allegedly barred due to "lack of ownership if copyrights."

It is not disputed that Keck registered her Works with the United States Copyright Office and that such registrations were accepted. SSUF Nos. 6-9. As explained in Section III.A this entitles Keck to a statutory presumption of ownership and validity.

Thus, summary judgment is appropriate for this affirmative defense.

### K. Conditions Precedent

Defendants' eleventh affirmative defense states that Keck's claim is allegedly barred due to "failure to satisfy all conditions precedent."

Defendants have not yet identified any specific fact or legal basis that Keck cannot asserting an infringement claim. Because Defendants bear the burden on their affirmative defenses, unless Defendants can carry their burden of production, summary judgment must be entered in favor of Keck.

### L. Failure to State a Claim

Defendants' twelfth affirmative defense states that Keck's claim is allegedly barred due to "failure to state a claim."

As explained in Section III, Keck has stated a claim for infringement.

Thus, summary judgment is appropriate for this affirmative defense.

### M. Improper Purpose

Defendants' thirteenth affirmative defense states that Keck's claim was brought for an improper purpose citing to Rule 11. To the extent Defendants wish to bring a Rule 11 motion, they must follow the proper procedures.

Thus, summary judgment is appropriate for this affirmative defense.

### N. Reasonable Inquiry

Defendants' fourteenth affirmative defense states that Keck's claim was not based on a reasonable inquiry citing to Rule 11. To the extent Defendants wish to bring a Rule 11 motion, they must follow the proper procedures.

Thus, summary judgment is appropriate for this affirmative defense.

### O. Innocent Infringement

Defendants' fifteenth affirmative defense states that Keck's claim is barred because the infringement was innocent.

Copyright infringement is a strict liability tort and a plaintiff does not need to prove a defendant's mental state to prosecute a copyright claim. *Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 573 (S.D. Tex. 2019) (citing cases). Thus, innocence is not an affirmative defense. Regardless, as explained in Section III.C, Defendants' conduct was not innocent.

Thus, summary judgment is appropriate for this affirmative defense.

### P. Failure to Mitigate Damages

Defendants' sixteenth affirmative defense states that Keck's claim is barred due to her failure to mitigate her damages.

"Failure to mitigate damages" does not go to the heart of liability for copyright infringement and is not a proper affirmative defense. *See Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc.*, No. CV 10-1662 SVW (PJWx), 2010 U.S. Dist. LEXIS 151460, at *44-48 (C.D. Cal. June 28, 2010) (striking affirmative defense of "failure to mitigate damages" as implausible and at odds with purposes of the Copyright Act.).

Thus, summary judgment is appropriate for this affirmative defense.

### Q. Lack of Standing

Defendants' seventeenth affirmative defense states that Keck's claim is barred due to lack of standing.

"The legal or beneficial owner of an exclusive right under a copyright" is entitled to bring a claim for infringement. 17 U.S.C. § 501(b). It is not disputed that Keck registered her Works with the United States Copyright Office and that such registrations were accepted. SSUF Nos. 6-9. As explained in Section III.A this entitles Keck to a statutory presumption of ownership and validity. Thus, Keck has standing to pursue the infringement claim.

Thus, summary judgment is appropriate for this affirmative defense.

### R. Failure to State a Claim 2.0

Essentially a duplication of the twelfth affirmative defense, Defendants' eighteenth affirmative defense states that Keck's claim is allegedly barred because the "complaint does not state a plausible claim for relief on its face and due to undisputed facts."

As explained in Section III, Keck has stated a claim for infringement.

Thus, summary judgment is appropriate for this affirmative defense.

/ / /

### S. Statutory Damages and Fees

Defendants' nineteenth affirmative defense states that is not eligible for statutory damages or attorneys' fees.

A copyright holder may seek statutory damages and attorneys' fees if the works infringed were registered prior to the infringement commencing.

It is not disputed that Keck registered her Works in, 2012, 2016, and 2018. SSUF Nos. 6-9. It is also not disputed that the Artmix Kits were sold starting in 2020, after Keck's Works had been registered. SSUF No. 15; *See* Higbee Decl., Exhibit J, ROG No. 6.

Thus, summary judgment is appropriate for this affirmative defense.

### T. No Willful Infringement

Defendants' twentieth affirmative defense states that Keck's claim for willfulness is "contrary to the facts and not available under the Copyright act."

As explained in Section III.C not only is willfulness expressly stated in the Copyright Act, Defendants' actions were willful.

Thus, summary judgment is appropriate for this affirmative defense.

### U. Fair Use

Defendants' twenty first affirmative defense invokes the doctrine of "fair use". Because it is an affirmative defense, a claim of fair use is a tacit admission that the work at issue was used without permission of the copyright holder. *See L.A. News Serv. v. KCAL-TV Channel 9*, 108 F.3d 1119, 1121 (9th Cir. 1997) ("As KCAL undeniably used LANS's copyrighted work without permission, we turn to whether its use was fair.")

The Copyright Act lists four factors non-exclusive factors that a court must weigh when determining whether a use is fair: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107.

As explained below, these factors weigh against a finding of fair use here.

### 1. *The Purpose And Character Of The Use Weighs Against A Finding Of Fair Use.*

The first factor directs courts to look specifically at the use made of the copyrighted work to determine whether it qualifies for fair use. *See* 17 U.S.C. §107. In interpreting the "purpose and character" of the use, courts look at whether the work was transformative, and whether the use was for commercial purposes. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579, (1994) (stating that the crux of fair use is whether "whether the new [use] merely 'supersedes the objects' of the original creation . . . or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is 'transformative.'" [citations omitted]).

Commercial use is an important consideration in the first fair use factor, and a profit motivation may weigh heavily against fair use. *See Harper & Row*, 471 U.S. at 562 (explaining that even straight reporting may, in some cases, be "commercial" for purposes of this factor). The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain, but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price. *Ibid.*; *see also KCAL-TV*, 108 F.3d at 1121; *see also* 4 *Nimmer & Nimmer*, § 13.05[A][1][c], at 13-167 (noting that "[e]ven if the defendant's purpose in copying is news reporting -- one of the characteristically fair purposes set forth in the preamble to Section 107 -- its profit motivation may negate the fairness of its use under this factor.").

Here it is not disputed that Mix Creative is a for profit business and that During the relevant time period, Mix Creative offered a number of paid products and services through its website including lesson memberships, painting kits, party bookings, and

more. SSUF No. 14. It is also not disputed that the Artmix Kit which contained the infringing copies of Keck's Works was being sold through the Mix Creative website for $40.00. SSUF No. 16. Thus, clearly Defendants sought to monetize Keck's Trademarked name and Works via commercialized sales of the Artmix kits. Whether such monetization was successful or not is an issue of the appropriate amount of damages, and not of whether the use was "fair."

Additionally, Defendants' use of Keck's Works cannot be considered "transformative." Defendants made no alterations to the Works and merely downloaded them from the Internet and reproduced them for distribution with the Artmix Kit. While the Artmix Kit was certainly intended to teach Defendants' customers how to create mixed media artwork, "nobility of the user's purpose does not widen the scope of fair use." *Sadowski v. BackChina* 2018 U.S. Dist. LEXIS 120875 at *4 (S.D. Tex. July 16, 2018). Indeed, it is customary to pay a license fee for use of a work as an artist's reference. *See Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 992 F.3d 99, 105 (2d Cir. 2021) (Observing that a photographer "licensed the photograph to Vanity Fair magazine for use as an artist reference" and finding no fair use).

Thus, the first factor weighs against a finding of fair use.

### 2. *The Nature Of The Copyrighted Work Weighs Against A Finding Of Fair Use.*

The second factor considers "the nature of the copyrighted work." In so doing, the court may consider, among other things, whether the work was creative, imaginative, and original, . . . and whether it represented a substantial investment of time and labor made in anticipation of financial return. *Pro Arts, Inc. v. Hustler Magazine, Inc*. 787 F.2d 592 (6th Cir. 1986) (quotation omitted).

It is not disputed that Keck is a successful and acclaimed artist, known for her highly original abstract art and mixed media paintings, that and that she has successfully commercialized her work, including through the sales of merchandise

featuring her original mixed media designs. SSUF Nos. 1-3. Clearly Keck has invested substantial time and effort not only in creating her art, but protecting it via copyright and trademark protection so that she can reap the benefits of her artistic labors.

Thus, the nature of Keck's Works weighs against a finding of fair use

### 3. The Amount And Substantiality Of The Portions Used Weighs Against A Finding Of Fair Use.

The third fair use factor directs courts to examine the amount and substantiality of the portion used in relation to the copyrighted work as a whole. The statutory language thus directs courts to evaluate this factor in relation to the plaintiff's work, not the defendant's. *See Sheldon v. Metro-Goldwyn Pictures Corp.*, 471 U.S. 539, 565 (1985) (stating that "no plagiarist can excuse the wrong by showing how much of his work he did not pirate").

Here it is not disputed that Defendants utilized the entirety of Keck's Works that were copied directly from the Internet. SSUF Nos. 15-19. Additionally, Defendants have no explained why it was necessary for them to use Keck's Works with the Artmix Kits as opposed to other art pieces featuring dogs or other mix media works that are in the public domain or not subject to copyright.

Since Defendants used the entirety of Keck's Works, the third factor weighs heavily against the application of fair use.

### 4. The Effect On The Market Place Weighs Against A Finding Of Fair Use.

Finally, the fourth element looks to the effect of the use upon the potential market for or value of the copyrighted work. This factor requires the court to consider the extent of market harm caused by the particular actions of the infringer, as well as whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original. *Burnett v. Twentieth Century Fox Film Corp*, 491 F.Supp.2d 962, 971 (C.D.Cal.

2007), citing *Campbell*, 510 U.S. at 590.

Here it is not disputed that Keck has successfully commercialized her work, including through the sales of merchandise featuring her original mixed media designs. SSUF Nos. 1-3. Because Keck's monetization of her Works extends beyond merely selling them and into the realm of merchandizing, it is clear that Defendants' use of the Works in its commercialized Artmix Kit directly encroaches on Keck's ability to license her Trademarked name and copyrighted Works. Not only that, but it also precludes Keck from being able to determine where and to what extent her name and Works are used, or what products or services they are associated with. If Defendants' conduct were to be considered fair, it would have a detrimental impact on Keck's ability to control her brand because it would allow anybody to use her name and Works, even if Keck would be actively opposed to such use. As such, the fourth element weights against a finding of fair use.

In conclusion, the statutory factors weight heavily against a finding of fair use. Thus, summary judgment should be entered in favor of Keck as to Defendants' twenty first affirmative defense.

### V. Innocent Infringement 2.0

Essentially a duplication of the fifteenth affirmative defense, Defendants' twenty second affirmative defense again claims innocent infringement.

Copyright infringement is a strict liability tort and a plaintiff does not need to prove a defendant's mental state to prosecute a copyright claim. *Fed'n of State Massage Therapy Bds. v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 573 (S.D. Tex. 2019) (citing cases). Thus, innocence is not an affirmative defense. Regardless, as explained in Section III.C, Defendants' conduct was not innocent.

Thus, summary judgment is appropriate for this affirmative defense.

### W. Bad Faith 2.0

Essentially a duplication of the first affirmative defense, Defendants' twenty third affirmative defense again claims bad faith.

Defendants have not yet identified any specific conduct which could constitute bad faith. Because Defendants bear the burden on their affirmative defenses, unless Defendants can carry their burden of production, summary judgment must be entered in favor of Keck.

### X. Unreasonable Delay

Defendants final affirmative defense claims that "Keck has intentionally and unreasonably delayed this proceeding and has caused unnecessary and expensive discovery for Defendants."

This is not an affirmative defense, nor is it factually true. Keck has met all her deadlines to prosecute this case in a timely manner.

Thus, summary judgment is appropriate for this affirmative defense.

### V. CONCLUSION

In conclusion, Plaintiff Michel Keck respectfully requests that the Court grant her Motion for Summary judgment as to her copyright infringement claim.

Dated: October 15, 2022

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.,
Texas Bar No. 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6729 facsimile
mhigbee@higbeeassociates.com
*Counsel for Plaintiff*