# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHEL KECK** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:21-cv-0430** |
| **vs.** | § | |
| | § | |
| **MIX CREATIVE LEARNING** | § | |
| **CENTER, LLC, et al,** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

---

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Defendants Mix Creative Learning Center, LLC, Jacqueline P. Kenneally and Does 1 through 10 inclusive ("Defendants") file this their Motion for Partial Summary Judgment (the "Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support show as follows:

Roland Garcia
Attorney in Charge
Texas Bar No. 07645250
S.D. Admission No. 8420
Mark Chretien
Texas Bar No. 24036364
S.D. Admission No. 36313
**GREENBERG TRAURIG, LLP**
1000 Louisiana, Suite 6700
Houston, Texas 77002
Telephone: (713) 374-3510
Facsimile: (713) 374-3505

**ATTORNEYS FOR DEFENDANTS**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 4

II. NATURE AND STAGE OF PROCEEDINGS ........................................... 5

III. STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW ........... 6

IV. ARGUMENT AND AUTHORITIES ........................................................... 8

      A.    As a Matter of Law, Plaintiff May Not Recover Enhanced Damages, as There is No Genuine Dispute that Defendants' Conduct Was Not Willful Infringement ....................................... 8

      B.    Defendants' Use of the Works at Issue Was a Non-Infringing Fair Use ............................................................................................. 14

      C.    Defendants Request Fees and Costs Under §505 of the Copyright Act and the Federal Rules ....................................................... 17

V. CONCLUSION ........................................................................................... 17

*ACTIVE 682607218v5*

## __TABLE OF AUTHORITIES__

### __Cases__

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)................................................................................... 7

*Bell v. Eagle Mountain Saginaw Independent School District*, 27 F.4th 313, 321
(5th Cir. 2022)............................................................................... 14, 16

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) ...................................... 15

*Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir.
2012). ..................................................................................................... 10

*Exxon Corp. v. Oxxford Clothes, Inc.*,
109 F.3d 1070 (5th Cir.1997) ................................................................. 6

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)............................. 7

*Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 395 (5th Cir. 2014) ............................ 8

*Island Software & Computer Serv. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir.
2005) .................................................................................................... 10

*Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016),.............................. 7

*Laser Spine Inst., LLC v. Playa Advance Surgical Inst., LLC*, No. 2:18-cv-06920-
ODW (JPRx), 2020 WL 5658711, at *5 (C.D. Cal. Sept. 23, 2020) (Wright,
J.).......................................................................................................... 10

*Lieb v. Topstone Indus., Inc.*,
788 F.2d 151 (3d Cir. 1986)................................................................... 7

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)............................................................................... 7

*McGaughey v. Twentieth Century Fox Film Corp.*,
12 F.3d 62 (5th Cir. 1994) .................................................................... 7

*Prejean v. Foster*,
227 F.3d 504 (5th Cir.2000) ............................................................... 6, 7

*SRI Int'l v. Matsushita Elec. Corp.*,
775 F.2d 1107 (Fed. Cir. 1985)............................................................. 6

*Stross v. NetLuxuryDotCom LLC*, No. 2:21-cv-01181-JVS (AFMx), 2022 WL
1840338, at *2 (C.D. Cal. Feb. 3, 2022) ............................................... 13

*Swatch Group Mgmt. Servs., Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 91 (2d Cir.
2014) .................................................................................................... 17

*Taylor Holland LLC v. MVMT Watches, Inc.*, No. 2:15-cv-03578-SVW-JC, 2016
WL 6892097, at *14 (C.D. Cal. Aug. 11, 2016)..................................... 13

*Webb v. Cardiothoracic Surgery Assocs.,*
   139 F.3d 532 (5th Cir.1998) ................................................................. 7

*White v. West Pub. Corp.*, 2014 WL 3385480, at \*2 (S.D.N.Y. July 11, 2014).............. 14

## Rules

§107(2) ......................................................................................................... 16

17 U.S.C. § 505 ....................................................................................... 6, 7

17 U.S.C. §101 ............................................................................................ 5

17 U.S.C. §107 .......................................................................................... 14

17 U.S.C. §107(1) ...................................................................................... 14

17 U.S.C. §107(2) ...................................................................................... 16

17 U.S.C. §107(3) ...................................................................................... 16

17 U.S.C. §107(4) ...................................................................................... 16

17 U.S.C. §401 .......................................................................................... 11

17 U.S.C. §504 ............................................................................................ 4

17 U.S.C. §505 ..................................................................................... 7, 17

## Constitutional Provisions

Fed. R. Civ. P. 11(b) ............................................................................. 6, 17

Fed. R. Civ. P. 11(b)(1) ......................................................................... 6, 17

Fed. R. Civ. P. 26(b)(2)(C)(i) ............................................................... 6, 17

Fed. R. Civ. P. 26(b)(2)(C)(iii) ............................................................. 6, 17

Fed. R. Civ. P. 37 .................................................................................. 6, 17

Fed. R. Civ. P. 54(d) ................................................................................. 17

Fed. R. Civ. P. 56 ....................................................................................... 6

Fed. R. Civ. P. 56(c) .................................................................................. 6

# I.
## INTRODUCTION

**1.**     This is a nuisance value and nominal damages case where the Plaintiff, artist Michel Keck, is attempting to exploit the statutory damages provisions of the Copyright Act to reap an unjustified windfall by purporting, without evidence, that alleged copyright infringements by Defendants were "willful" in nature.  The undisputed facts, however, do not support such a windfall.  Plaintiff's claim for statutory damages (should any be awarded, which Defendants dispute) should be limited to the prescribed ranges available under 17 U.S.C. §504 for non-willful or innocent infringement of registered works, because no willful infringement can be established.

**2.**     Mix Creative ("Defendant") is a small local art studio that provided online art lessons to children during the Covid-19 pandemic.  It is undisputed that Mix Creative sold only six allegedly infringing art kits (two purchased by Plaintiff herself), for a total gross revenue of $240.  Defendants have offered to pay the entire gross revenue amount to Plaintiff to resolve this case (and much more); however, Plaintiff unreasonably persists in pursuing inflated statutory damages of $150,000 for each work that was allegedly willfully infringed (which by the math totals to $900,000.  *See* Doc. No. 21, at ¶¶ 34, 35, First Amended Complaint; Exhibit E, (Email chain dated March 17, 2021, relevant language highlighted).

**3.**     There is simply no evidence that Defendants knew or should have known that they infringed upon a copyrighted work, or that Defendants recklessly disregarded Plaintiff's rights.  In fact the evidence is just the opposite.  Defendants therefore could not have willfully infringed those rights under the prevailing law.  Thus, Plaintiff should be

barred, as a matter of law, from seeking inflated statutory damages based on willful infringement under the Copyright Act.

4.      Defendants are also entitled to summary judgment on Plaintiff's copyright claims because Defendants' use of the works at issue was a permitted fair use.

## II.
## NATURE AND STAGE OF PROCEEDINGS

5.      This is a civil action seeking, inter alia, damages and injunctive relief for copyright infringement under the Copyright Act of the United States.  17 U.S.C. §101 et seq.

6.      On August 4, 2021, Plaintiff filed her First Amended Complaint. Doc. No. 21.

7.      Plaintiff's First Amended Complaint alleges, among other things:

> "Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Works in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Works of the Plaintiff without Plaintiff's consent or authority, by knowingly copying the Works and distributing them as part of Defendants' Artmix Kits."

Doc. No. 21 at Para. 34.

8.      Plaintiff's First Amended Complaint further alleges, among other things:

> "As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per Work pursuant to 17 U.S.C. §504(c)."

Doc. No. 21 at Para. 35.

9.      On April 4, 2022, Defendants filed their First Amended Answer to Plaintiff's First Amended Complaint.  Doc. No. 44.

10.     Defendants' First Amended Answer included affirmative defenses that, *inter alia*, Keck's claims are barred in whole or in part because if there was a technical copyright infringement, which is denied, such infringement was innocent under the Copyright Act (Doc. No. 44 at Para. 15), and Keck's claims for willful infringement are contrary to the facts and not available under the Copyright Act (Doc. No. 44 at Para. 20), and Keck's claims are barred in whole or in part under the Copyright Act because Defendants' use of the works in question is fair use under the circumstances, and in view of industry custom in the field of art education (Doc. No. 44 at Para. 21).

### III.
### STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

11.     The issues presented for the Court's determination are (1) whether partial summary judgment should be granted for Defendants, *see* FRCP 56; and (2) if so, whether Defendants should be awarded fees and costs. *See* 17 U.S.C. §505; FRCP 11(b), 11(b)(1), 26(b)(2)(C)(i), 26(b)(2)(C)(iii), and 37.

12.     Under Rule 56(c), a party is entitled to summary judgment if a court determines there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *SRI Int'l v. Matsuhita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) (*en banc*).  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.,* 109 F.3d 1070, 1074 (5th Cir.1997).

13.     When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir.2000). The nonmovant must

go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Webb v. Cardiothoracic Surgery Assocs.,* 139 F.3d 532, 536 (5th Cir.1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986).

14.     Section 505 of the Copyright Act provides that "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. §505.  Where a defendant is granted summary judgment dismissing a copyright infringement claim, the defendant is the prevailing party within the meaning of §505.  *See Lieb v. Topstone Indus., Inc.*, 788 F.2d 151 (3d Cir. 1986).[1]

---

[1]     Notably, although a district court has discretion to award costs, "prevailing plaintiffs and prevailing defendants are to be treated alike" under §505.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).  In the Fifth Circuit, it is the "rule rather than the exception [that attorney's fees] should be awarded routinely" in copyright cases.  *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994).

     In *Fogerty* the Supreme Court enunciated a nonexclusive list of factors a district court should use as a guide in determining whether to award costs under §505, a list which includes the (i) frivolousness of the claim, (ii) motivation of the party asserting the claim, (iii) objective unreasonableness (both in the factual and in the legal components of the case), and (iv) the need in particular circumstances to advance considerations of compensation and deterrence.  *Fogerty*, 510 U.S. at 534 n.19.

     The Supreme Court subsequently held that *Fogerty* "left open the possibility of providing further guidance in the future, in response to (and grounded on) lower courts' evolving experience," *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1985 (2016), and that district courts should "give substantial weight to the objective reasonableness of the losing party's position, " *Id.* at 1988, while also "taking into account all other relevant factors," *Id.* at 1989, and "view[ing] all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 1986, 1989 (indicating that under this approach, "a person defending against a patently meritless copyright claim has every incentive to keep

7

## IV.
## ARGUMENT AND AUTHORITIES

**A.    As a Matter of Law, Plaintiff May Not Recover Enhanced Damages, as There is No Genuine Dispute that Defendants' Conduct Was Not Willful Infringement**

15.    Defendants deny that they are liable for any copyright infringement of any of the works at issue, or that any alleged infringement was willful.  In the alternative, for the reasons stated herein, there is no evidence of any alleged "willful" infringement, and so as a matter of law, Defendants move for summary judgment on such claim and Plaintiff should thus be barred from seeking inflated statutory damages based on any alleged willfulness by Defendants.

16.    A court may only enhance statutory damages under the Copyright Act (from a maximum of $30,000 per infringed work to $150,000 per infringed work) in cases of "willful" infringement. 17 U.S.C. §504(c)(2). Under the plain language of the Copyright Act, the burden is on the copyright owner to establish the defendant's willfulness. *See* 17 U.S.C. §504(c)(2) (noting that "the copyright owner sustains the burden of proving" willfulness).

17.    A plaintiff cannot prove willfulness absent a showing that the defendant has recklessly disregarded the plaintiff's rights, or upon a showing that the defendant knew or should have known it infringed upon a copyrighted work. *Graper v. Mid-Continent Cas. Co*., 756 F.3d 388, 395 (5th Cir. 2014) (internal quotations and citations

---

fighting, no matter that attorney's fees in a protracted suit might be as or more costly than a settlement" and that "[c]onversely, when a person … has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action.").

omitted).   The burden of proof to prove willfulness is on the plaintiff.   *See* 17 U.S.C.
§504(c)(2).

18.     Here, despite discovery requests seeking all evidence of willful
infringement, Plaintiff has not produced any evidence that Defendants knew or should
have known they infringed upon a copyrighted work, or that Defendants acted in reckless
disregard of Plaintiff's rights.   In fact, the evidence is just the opposite.   In view of this
lack of evidence, any efforts by Plaintiff to demonstrate Defendants' level of knowledge
or reckless intent would be based on improperly drawn inferences, which are insufficient
to meet Plaintiff's required burden.

19.     First, when asked during discovery to identify "all facts that support or
evidence your claim that Defendants willfully infringed the copyrighted Works in
question," Plaintiff responded by merely pointing to its entire document production, as
follows:

> "Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will
> exercise its option to produce non-privileged documents responsive to this
> interrogatory in its possession, custody, and control to the extent such
> documents exist. Responsive documents are identified as Keck00001-
> 00178."

*See* Exhibit A ("Plaintiff's Objections and Responses to First Set of Interrogatories") at
pp. 8-9.

20.     This sworn statement from Plaintiff provides no evidence of alleged
willful infringement and does not demonstrate that Defendants willfully infringed
Plaintiff's copyright.   Moreover, none of the documents identified by Plaintiff evidences
any willful infringement by Defendants.   *See* Exhibit B (Keck 00001-00099; 000129-
00178) (documents labeled Keck 00100-000128 constitute Plaintiff's license agreements

with third parties and a list of third-party sales, which are not attached due to Plaintiff's argument of confidentiality).   At best, the evidence shows use of the works, but not awareness of infringing activity.   *Id.*

21.     Second, Plaintiff has not produced any evidence that Defendants knew or were aware that the use of the works constituted infringement of copyright.   A defendant who "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright" is not a willful infringer.   *See* 17 U.S.C. § 504(c)(2); *See also Island Software & Computer Serv. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (plaintiff must show that the defendant "was actually aware of the infringing activity").

22.     Knowingly copying a work, taken alone, does not constitute willfulness; rather, "[w]illfulness occurs where an infringer acts 'with knowledge that the defendant's conduct constitutes copyright infringement.'" *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012). Even instances of intentional copying can be insufficient to demonstrate willfulness unless a plaintiff provides "evidence to show that Defendants knew . . . they were *infringing Plaintiff's copyright*." (emphasis in original) *Laser Spine Inst., LLC v. Playa Advance Surgical Inst., LLC*, No. 2:18-cv-06920-ODW (JPRx), 2020 WL 5658711, at \*5 (C.D. Cal. Sept. 23, 2020) (Wright, J.).

23.     At all relevant times, Defendants were not aware that the use of the works infringed upon a copyrighted work.   To the best of her recollection, Jacqueline Kenneally in her capacity as owner of Mix Creative obtained copies of the relevant works while doing Internet art history research for artists, styles, and works of art to incorporate into art lessons for Artmix students of approximately ages 8-10. *See* Exhibit F, Kenneally Dec. at ¶9.   To the best of her recollection, Ms. Kenneally, in her capacity as owner of

Mix Creative, did a Google® search for "paintings of dogs" or some similar phrase, and on the publicly available Google® search results page, she clicked on "Images" in the search bar. *Id.* To the best of her recollection, she, in her capacity as owner of Mix Creative, saw images of Michel Keck's paintings, including the works at issue, in the Google® search results, and then she right clicked on one of the publicly available images of the works at issue and selected "copy image," and then pasted and saved the image locally on the computer or into a document on the computer, and used the copy to create the works at issue included in the art kits. *Id.* At no point during the aforementioned acts did Defendants know that the use of the works at issue constituted infringement of copyright. There is no evidence to the contrary.

24. Moreover, Plaintiff has not produced any evidence that the Google® search results page from which Defendants obtained the works in question included any copyright symbol (for example, the symbol © (the letter C in a circle), or the word "Copyright", or the abbreviation "Copr.") that would have made Defendants aware of Plaintiff's alleged copyrights that would be infringed. *See* 17 U.S.C. §401 (setting forth elements that constitute visually perceptible notice of copyright). Defendant does not recall which specific images from the Google® search results were selected, but to the best of Defendant's recollection, the specific images that were selected did not bear a © symbol or any other indication of copyright status. *See* Exhibit F, Kenneally Dec. at ¶9.

25. Third, Plaintiff has not produced any evidence that Defendants should have been aware of, or acted recklessly with respect to whether, the use of the works constituted infringement of copyright. To the contrary, at all relevant times, Defendants reasonably believed that their actions were acceptable in view of industry custom in the

field of art education.  *See* Exhibit F, Kenneally Dec. at ¶16; *See also, e.g.,* Exhibit C, at pp. 6/11-7/11 (article from *Baylor Magazine*, Summer 2022, discussing the relevance of exposing art students to "art history and contemporary art.").

26.     Defendant operates Artmix which is a small business that teaches art and art history to young children, with a focus on knowledge of art history, art styles, and artists. *See* Exhibit F, Kenneally Dec. at ¶3.  Consistent with industry custom in the field of art education, Defendant used examples of a particular artist's work (from publicly available images on the web) to teach the particular art style and to inspire the young students to create their own personal art with the supplies and inspiration provided by the art kits.  *See* Exhibit F, Kenneally Dec. at ¶13.  Defendants are *not* in the business of selling art works or reproductions of art by well-known artists.  *Id*., Kenneally Dec. at ¶ 15.

27.     Art from various artists was included in the Artmix kits created by Defendant so that the students could learn about media, styles and techniques that world-renowned and lesser-known artists use, as inspiration for the students to create their own works of art.  *See* Exhibit F, Kenneally Dec. at ¶13.   Very often, artists would reply and share how much they like the students' masterpieces, including Amy Sherald (who painted the Obama's portraits) who reposted Artmix students' masterpieces on her Instagram. *Id*., Kenneally Dec. at ¶14.  Other artists who replied and applauded the work from Artmix students include Simon Bull, Sonni, Wayne Thiebaud, Peter Anton, Philipp Jordan, and many others. *Id*.; *See also, e.g.,* Exhibit D (screenshots of artists' comments on Artmix social media).  No artist has ever informed Defendants that the use of the art

constituted a copyright infringement.  *See* Exhibit F, Kenneally Dec. at ¶ 14.  Moreover, Defendant has never had any training or education on copyright infringement law.  *Id*.

28.    Defendants have taught this same way since 2005 and have communicated and engaged with numerous artists around the world to share students' works of art in social media since 2012.  *See* Exhibit F, Kenneally Dec. at ¶16.  Based on this history, Defendants always believed that their actions were acceptable in view of industry custom in the field of art education.  *Id*.  Defendants have never been sued for copyright infringement by any of the artists, until this lawsuit.  *Id*.

29.    Moreover, when Defendants received notification of this lawsuit involving Plaintiff's copyrights and the art kits that allegedly infringed those copyrights, Defendants immediately stopped selling the accused art kits and removed the entire category of art kits from its Internet website.  *See* Exhibit F, Kenneally Dec. at ¶11.  This prompt remedial action taken by Defendants upon learning of alleged infringement "mitigates a finding of willfulness." *Stross v. NetLuxuryDotCom LLC*, No. 2:21-cv-01181-JVS (AFMx), 2022 WL 1840338, at *2 (C.D. Cal. Feb. 3, 2022); *see also Taylor Holland LLC v. MVMT Watches, Inc*., No. 2:15-cv-03578-SVW-JC, 2016 WL 6892097, at *14 (C.D. Cal. Aug. 11, 2016) (ruling that "[defendant's] conduct after learning that [plaintiff] claimed ownership in the [copyrighted work] does not support a finding of willfulness," where the alleged infringing work was removed from defendant's website the day after plaintiff made such demand).

30.    Although the question of whether Defendants' conduct in the case even amounts to a non-willful level of infringement or, more accurately, merely innocent infringement, will not be finally decided until the trial in this matter (unless the court

rules fair use as a matter of law), there can be no question that there is a complete absence of any evidence to support a claim of willful infringement.

31.     Thus, Defendants are entitled to summary judgment that their conduct, even if arguably infringing, was not willful as a matter of law, and that Plaintiff may not recover enhanced statutory damages.  Summary judgment should be granted for Defendants on such claim.

**B.     Defendants' Use of the Works at Issue Was a Non-Infringing Fair Use**

32.     Defendant's use of the works at issue was fair, which is a complete defense to copyright infringement.  *See* 17 U.S.C. §107 ("[T]he fair use of a copyrighted work … is not an infringement of copyright.").  The Copyright Act sets forth four factors that must be considered to determine whether a particular use is fair: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used; and (4) the effect of the use on the market for the original. *Id*.; *See also Bell v. Eagle Mountain Saginaw Independent School District*, 27 F.4th 313, 321 (5th Cir. 2022) (noting that "[a] fair-use defense can succeed even if one or more factors favor the claimant … [c]ourts typically give particular attention to factors one and four (the purpose and market effect of the use) … [b]ut, ultimately, courts have almost complete discretion in determining whether any given factor is present in any particular case" and whether the totality favors fair use.")(internal citations omitted).

33.     The first factor considers "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes."  17 U.S.C. §107(1).  A key consideration is whether the defendant has altered and used plaintiff's work to effectively transform it into a different kind of work. *White v. West Pub. Corp*., 2014 WL 3385480, at *2 (S.D.N.Y. July 11, 2014).  "The more

transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) (citation omitted).  A work is "transformative" when the new work does not "merely supersede[ ] the objects of the original creation" but "adds something new, with a further purpose or different character, altering the first with new expression, meaning or message[.]" *Id.* at 579 (citations omitted).

34.     Defendants' use of the works at issue was transformative in at least two ways.  First, Defendants used Ms. Keck's artworks towards the purpose of creating a unique and interactive "teaching tool" for providing art lessons to children, so that they could learn to appreciate different artists and art styles and be inspired to create their own independent works of art.  *See* Exhibit F, Kenneally Dec. at ¶17.  This objective of creating a "teaching tool" is sharply different from Ms. Keck's objective in creating the original work itself, and the result is a completely different "kind of work" from Ms. Keck's original artwork.  *See White*, 2014 WL 3385480, at *2 (describing defendant's transformative use of plaintiff's legal briefs in a West and Lexis database as an "interactive legal research tool" and noting that the different objectives of the defendant in using, and the plaintiff in creating, the works "confirms the transformative nature of the use."). Second, Defendants' packaging of the Artmix kits included not only the images of Ms. Keck's works provided for "inspiration" to the students, but also collage-style puzzle pieces, paint brushes and various colors of paints so that the students would have the necessary materials to create their own masterpieces in the form of mosaics and/or completely new artworks.  *See* Exhibit F, Kenneally Dec. at ¶17; *See also* Doc. 21 at Exhibits B and C (images of the Artmix kit and related website advertising).  This

15

packaging provided something new, with a further purpose and different character, than Ms. Keck's original artwork.  *See White*, 2014 WL 3385480, at *2 (citing *Campbell*, 510 U.S. at 579). Thus, the first factor favors a finding of fair use.

35.     The second factor looks to "the nature of the work." 17 U.S.C. §107(2) . This factor is widely considered the least significant fair-use factor.  *See Bell*, 27 F.4th at 323.  The third factor examines "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. §107(3). These factors do not materially favor either party and should be considered generally neutral and not affect the analysis.  *See Bell*, 27 F.4th at 321 (noting that "[c]ourts typically give particular attention to factors one and four (the purpose and market effect of the use)".

36.     The fourth factor examines "the effect of the use" on the market for and value of the copyrighted work. 17 U.S.C. §107(4).  Relevant to the consideration is whether "widespread use of the work in the same infringing fashion 'would result in a substantially adverse impact on the potential market" for the original work and any derivatives."  *See Bell*, 27 F.4th at 324 (citing *Campbell*, 510 U.S. at 590).  This fourth factor overwhelmingly weighs in favor of fair use. Defendants are *not* in the business of selling art works or reproductions of art by well-known artists.  *See* Exhibit F, Kenneally Dec. at ¶ 15.  Instead, and consistent with industry custom in the field of art education, Defendants used examples of a particular artist's work (from publicly available images with no copyright notice) to teach a particular art style and to inspire young students to create their own personal art.  *Id.,* Kenneally Dec. at ¶ 16.  As such, the Artmix kits sold by Defendants have a very different purpose and very different target audience from, and are not a substitute for, the artwork sold by Ms. Keck.  *Id.* at 325.  Further, there is no

evidence that Ms. Keck has any licensees for her artwork at issue for purposes of providing interactive "teaching tool" products for art lessons to children, or any similar products.   Analysis of the fourth factor cannot "recognize a 'theoretical market for licensing the very use at bar.'" *Id. (*citing *Swatch Group Mgmt. Servs., Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 91 (2d Cir. 2014)).  Ms. Keck has failed to provide any evidence to demonstrate a "substantially adverse impact" on a legitimate market for her copyrighted work, and so the fourth factor thus weighs in favor of fair use.  *See id*.

37.    Based on the foregoing analysis of the four factors, Defendants' use was fair as a matter of law, and they are entitled to summary judgment on the copyright infringement claims.

## C.    Defendants Request Fees and Costs Under §505 of the Copyright Act and the Federal Rules

38.    If the Court awards summary judgment in whole or in part to Defendants, then Defendants also request leave to file a motion for fees and costs and supplement this motion with an affidavit attesting to the amount of reasonable and necessary attorney's fees and costs incurred by Defendants in this matter.

## V.
## CONCLUSION

39.    In light of the foregoing, Defendants respectfully request that partial summary judgment be entered for Defendants, that the Court award Defendants their full costs and their reasonable and necessary attorneys' fees incurred in defending against Plaintiff's claims as prevailing parties pursuant to 17 U.S.C. §505, and under FRCP 11(b), 11(b)(1), 26(b)(2)(C)(i), 26(b)(2)(C)(iii), 37, and 54(d), and all other applicable statutes and rules of law, including the Court's inherent powers, as well as all other relief, in law or equity, to which Defendants are justly entitled.

Dated:  October 14, 2022

Respectfully submitted,

By:  /s/ Roland Garcia
    Roland Garcia
    Attorney in Charge
    Texas Bar No. 07645250
    S.D. Admission No. 8420
    Mark Chretien
    Texas Bar No. 24036364
    S.D. Admission No. 36313
    **GREENBERG TRAURIG, LLP**
    1000 Louisiana, Suite 6700
    Houston, Texas 77002
    Telephone: (713) 374-3510
    Facsimile: (713) 374-3505

    **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through the Court's ECF system to opposing counsel on the 14th day of October, 2022.

/s/ Roland Garcia
Roland Garcia

18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHEL KECK,** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:21-cv-0430** |
| **vs.** | § | |
| | § | |
| **MIX CREATIVE LEARNING** | § | |
| **CENTER, LLC, et al,** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

---

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

**DECLARATION OF ROLAND GARCIA**

1.      My name is Roland Garcia. I am over the age of 21, of sound mind and competent to make this Declaration and have the legal capacity to make this Declaration. I am an attorney licensed to practice law in the State of Texas. I am a shareholder at the law firm of Greenberg Traurig, LLP. I am one of the attorneys representing Defendants in this matter. I have personal knowledge of the statements contained in this Declaration, which are true and correct.

2.      Attached to Defendants' Motion for Summary Judgment and incorporated by reference, are Exhibits A through F, which are true and correct copies of the following they purport:

| | |
|---|---|
| Exhibit A: | Plaintiff's Objections and Responses to First Set of Interrogatories |
| Exhibit B: | Keck 00001-00099; 000129-00178 (documents labeled Keck 00100-000128 constitute Plaintiff's license agreements with third parties and a list of third-party sales, which are not attached due to Plaintiff's argument of confidentiality) |
| Exhibit C: | Article from Baylor Magazine, Summer 2022, discussing the relevance of exposing art students to "art history and |

19

|              | contemporary art." |
|--------------|--------------------|
| Exhibit D:   | Screenshots of artists' comments on Artmix social media |
| Exhibit E:   | Email chain dated March 17, 2021, relevant language highlighted |
| Exhibit F:   | Jacqueline Kenneally Declaration |

I declare under penalty of perjury that the foregoing is true and correct.

_____ /s/ Roland Garcia _____
Roland Garcia

The Declaration was executed on October 14, 2022.