# EXHIBIT A

Mathew K. Higbee
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92782
Telephone: (714) 617-8373
mhigbee@higbeeassociates.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHEL KECK,<br><br>      Plaintiff,<br><br>v.<br><br>MIX CREATIVE LEARNING CENTER, LLC; JACQUELINE P. KENNEALLY and DOES 1 through 10 inclusive,<br><br>      Defendants. | Case No. 4:21-cv-00430<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, responding party Michel Keck ("Responding Party") hereby provides the following answers and objections to Defendant Mix Creative Learning Center, LLC's ("Propounding Party") First Set of Interrogatories as follows:

### GENERAL RESPONSES

Responding Party submits these responses subject to, without waiver of, and expressly preserving, the right at any time to amend, revise, correct, supplement, or clarify any of the objections and responses herein at any time, up to and including trial. Responding Party also submits these responses subject to, without waiver of, and expressly preserving: (a) any objections as to the competency, relevance, materiality, privilege, or admissibility of any of the responses or any of the documents identified in any response hereto; (b) the right to object to other discovery procedures involving or relating to the subject matter of the responses herein; (c) the right to object on any ground, at any time, to such other or supplemental

Interrogatories Propounding Party may at any time propound, involving or relating to the subject matter of the First Set of Requests for Admission. Responding Party hereby expressly preserves all rights, remedies and recourse against Propounding Party with respect to discovery and otherwise. Inadvertent production, revelation or identification of privileged information by Responding Party is not a waiver of any applicable privilege.

Additionally, Responding Party has not completed investigation of the facts and documents relating to this action and has not completed trial preparation. Consequently, Responding Party responds to each Interrogatory to the best of Responding Party's present, existing knowledge. Responding Party reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of this response. Moreover, the responses contained herein are not intended to and shall not preclude Responding Party from making any contentions or relying upon any facts or documents at trial, whether or not identified or relied upon herein, which result from subsequently discovered information and/or evidence.

## GENERAL OBJECTIONS

Plaintiff ("Responding Party") makes the following general objections:

1. Responding Party objects to each Interrogatory to the extent that it requests information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege. To the extent any information is inadvertently produced, such production is not intended as any waiver of the attorney-client privilege or any applicable privilege.

2. Responding Party objects to the requests on the ground that the information sought is not relevant to the subject matter of this action nor proportionate to the needs of the case.

3.      Responding Party objects to the Requests on the ground that the Interrogatories are overbroad, vague and ambiguous.

4.      Responding Party objects to the requests on the ground that the requests seek information that is equally available to the requesting party.

5.      Responding Party reserves the right to object to the introduction into evidence, at the trial or any other proceeding, of any information provided pursuant to the requests on any ground, including, without limitation, applicable privilege, competence, relevance, materiality, propriety information and admissibility.

6.      Responding Party objects to the requests on the ground that the information requested has been previously provided and/or made available in this litigation or prior to this litigation.

7.      Responding Party objects to the requests on the ground that the individual Interrogatories are compound, conjunctive or disjunctive.

8.      Responding Party objects to the requests on the ground that the individual Interrogatories are not complete in and of themselves and are, therefore, impermissible.

9.      Responding Party objects to the requests on the ground that the individual Interrogatories call for a legal conclusion or an expert opinion.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each Work, identify the first date you knew that Defendants used the Work in the manner alleged in this lawsuit, and how you learned this.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding

Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Without waiving said objections, Responding Party responds as follows:

Responding Party is informed and believes that the infringement of all Works alleged was first discovered on or about November of 2020. Responding Party is informed and believes that she may have been originally alerted to the infringements alleged via a telephone call from either a collector or another artist.

**INTERROGATORY NO. 2:**

For each Work, set forth your calculation of actual damages with particularity, including the amount of profits you would have realized from your Works if the alleged infringement had not occurred, any lost sales, lost licensing revenue, or other demonstrable monetary loss resulting from the alleged infringement, and the basis and source of information for each estimate, statistic or element of profit or damage for your calculations.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged,

confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are identified as Keck00100-00128.

**INTERROGATORY NO. 3:**

For each Work, in the last 5 years, identify all persons (name, company, address, telephone) who have requested a license, authority or permission to use the Work, state each date of such request and identify the Work, whether such request was granted or denied, the date of such grant or denial thereof, whether such grant or denial was verbal or in writing, and if the request was granted, the royalty and payment information associated with the license grant.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise

protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are identified as Keck00100-00128.

**INTERROGATORY NO. 4:**

For each Work, identify all lawsuits filed by You or against You concerning the Work, and all depositions or sworn statements you are aware concerning the Work.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy.

**INTERROGATORY NO. 5:**

For each Work, identify all cease and desist or enforcement communications sent by You or to You concerning the Work.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy.

**INTERROGATORY NO. 6:**

Identify by date, location, method and substance all instances in which you have mentioned any of the Defendants on social media, including, but not limited to, Twitter, Facebook, LinkedIn, Instagram, YouTube, or any other internet or public postings of the same, and all communications and emails relating to the same.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible

discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy.

**INTERROGATORY NO. 7:**

Identify all facts that support or evidence your claim that Defendants willfully infringed the copyrighted Works in question.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will

exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are identified as Keck00001-00178.

**INTERROGATORY NO. 8:**

For each Work, identify the date You applied for copyright registration, the date You submitted a deposit to the U.S. Copyright Office, the date of registration issued by the U.S. Copyright Office, the registration number, and whether You have an identical copy of the Work deposited with the U.S. Copyright Office.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are identified as Keck00001-00094.

**INTERROGATORY NO. 9:**

Identify all witnesses whom you may call to testify at the trial of this matter.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

Michel Keck.

Jaqueline Kenneally.

Any additional witnesses that may be called at trial will be disclosed pursuant to the timelines set forth by the Court and the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 10:**

Identify all documents you may offer as exhibits at the trial of this matter.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates by reference its General Objections. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, vexatious and harassing. Responding Party objects to this Interrogatory insofar as it

is not proportional to the needs of the case and is outside the scope of permissible discovery as outlined in Rule 26 of the Federal Rules of Civil Procedure. Responding Party objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and attorney work product doctrine. Responding Party further objects this Interrogatory to the extent that it requests information which attempts or purports to require disclosure by Responding Party of privileged, confidential information, proprietary information and/or information otherwise protected as a trade secret or otherwise in violation of Responding Party's right of privacy. Responding Party further objects to this Interrogatory to the extent that it requests information of unnamed and unidentified third parties which is protected from disclosure by, *inter alia*, such third parties' respective rights of privacy. Without waiving the forgoing objection, Responding Party responds as follows:

      Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party will exercise its option to produce non-privileged documents responsive to this interrogatory in its possession, custody, and control to the extent such documents exist. Responsive documents are identified as Keck00001-00178. Any additional exhibits will be disclosed pursuant to the timelines set forth by the Court and the Federal Rules of Civil Procedure.

Dated: August 26, 2022                                    Respectfully submitted,

                                                             **/s/ Mathew K. Higbee**
                                                             Mathew K. Higbee, Esq.
                                                            TX Bar No. 24076924
                                                            **HIGBEE & ASSOCIATES**
                                                            1504 Brookhollow Dr., Ste 112
                                                            Santa Ana, CA 92705-5418
                                                            (714) 617-8373
                                                            (714) 597-6559 Facsimile
                                                            *Attorney for Plaintiff*

## **VERIFICATION**

I, Michel Keck, certify and declare under penalty of perjury under the laws of the United States of America that I have read these Responses to Defendant's First Set of Interrogatories and know their contents and believe, to the best of my knowledge, that such answers are true and correct.

Executed this _24_ day of August 2022.

*Michel Keck*

Michel Keck

## PROOF OF SERVICE

I am employed in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On August 26, 2022 I served the foregoing document(s) described as:

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

 X     (BY EMAIL) I caused such documents to be delivered via electronic mail to the email addresses for counsel as follows:

Roland Garcia
GarciaR@gtlaw.com

(BY MAIL) I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid and addressed to the person below:

 (BY PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth below:

(BY EXPRESS MAIL) I deposited such envelope on the parties in said action via FEDEX STANDARD OVERNIGHT by placing a copy in a sealed envelope, postage pre-paid and depositing in a FedEx box at Santa Ana, California to the person(s) below:


I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 26, 2022 at Santa Ana, California.

*/s/ Ryan E. Carreon*
Ryan E. Carreon