# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHEL KECK** | § | Civil Action No. 4:21-cv-0430 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **MIX CREATIVE LEARNING** | § | |
| **CENTER, LLC, et al,** | § | |
| Defendants. | § | |
| | § | |

## SUPPLEMENTAL BRIEF FOR HIGBEE & ASSOCIATES
## IN RESPONSE TO MINUTE ENTRY OF 02-10-2025

The Law Firm of Higbee & Associates (hereinafter "Higbee & Associates'), by and through its undersigned counsel, respectfully submits this supplemental brief in response to the Court's Minute Entry entered on 02-10-2025. Pending before the Court is the post-appellate motion of Defendant Mix Creative Learning Center, LLC ("Defendant") for attorney's fees incurred on appeal, and pursuant to this Court's order entered on 05-10-2023 (ECF 80) granting leave to file the same.

At the motion hearing recently held on 02-10-2025, the Court invited the parties to voluntarily provide supplemental briefings to address the following questions:

(1) Whether the court can readdress whether to hold Higbee & Associates jointly and severally liable for the fees already decided in ECF 80;
(2) Whether the Court should hold Higbee & Associates, as well as the Digital Justice Foundation, jointly and severally liable for the attorney's fees articulated in ECF 93; and
(3) Whether the Court can hold an attorney who has withdrawn from representation jointly and severally liable for attorney's fees.

(Minute Entry of 02-10-25.)

For the reasons that follow, the response to all three questions above is no.

1

## **DISCUSSION**

### I. The Court's 05-10-2023 Order (ECF 80) Is Not a Proper Basis to Readdress the Issue of Whether Higbee & Associates Should Be Jointly and Severally Liable for Attorney's Fees Imposed on Plaintiff (Michel Keck).

After extensive briefings and oral arguments, this court properly ruled that Higbee & Associates should not be held jointly and severally liable for attorney's fees charged to Keck in the district court case. Defendant sought to overturn that ruling on a cross appeal. The Fifth Circuit panel affirmed this court's decision on 10-10-24. If defendant believed that appellate affirmation was incorrect, the proper course of action would have been to request an *en banc* hearing with the Fifth Circuit Court. Defendant did not do so.

Defendant did not do so, because there was no misconduct by Higbee & Associates. Higbee & Associates represents a wide range of copyright holders, ranging from individual artists to the world's largest new agencies, such as Associated Press, Reuters and Agence France-Presse. Higbee & Associates has filed nearly 700 copyright cases and has never lost a case based on fair use. Being wrong on fair use is clearly not part of Higbee & Associate's business model. Keck hired Higbee & Associates to file claim based on copyright infringement of her artwork. Based on the available facts, Keck and Higbee & Associates did not believe there was a colorable fair use defense. In fact, neither did opposing counsel as they did not even raise a fair use defense in their initial answer. Nor did opposing counsel file a motion to dismiss or for judgment on the pleadings, both of which could have provided the court a basis to make the fair use ruling at the beginning of the case.

Once Higbee & Associates attorneys became aware of the insignificant number of sales and unfavorable optics of the case, Higbee & Associates implored Keck to accept the settlement

offer of $20,000 that Mix Creative offered or for her to dismiss the case. Regrettably, Keck went against the advice of her attorneys. Higbee & Associates prosecuted the case with professionalism and received no admonishments or sanctions from the court. This court and the court of appeals were correct in ruling that Higbee & Associates should not be liable for attorney's fees.

Defendant's pending motion was filed pursuant to this Court's order entered on 05-10-2023, in which the Court granted the "[p]arties leave to file a motion for an award of *appellate related attorneys' fees and costs* within 30 days from the mandate and final resolution of the appeal in this matter." (ECF 80.)(emphasis added). That order was entered in response to the Defendant's "supplemental filing" filed the same day (05-10-2023), in which Defendant requested a conditional award of attorney's fees on appeal in the event it prevailed on appeal. (ECF 79.) The motion for conditional attorney's fees and the resulting order on 05-10-2023 were filed after a final judgment was already entered, after the parties had both filed their notices of appeal/cross-appeal of that final judgment, and while those appeals were still pending. (ECF 74-77.)

Prior to the entry of this Court's order on 05-10-2023 which granted Defendant leave to file the pending post-appellate motion for fees incurred on appeal, the Court had already addressed the separate issue of Higbee & Associate's joint/several liability less than two months earlier in its Memorandum Decision & Order of 03-27-2023. (ECF 72.) In that decision, this Court found that Defendant (as the prevailing party) was entitled to a judgment for attorney's fees against Plaintiff (Michel Keck) under the Copyright Act (17 U.S.C. § 505). However, in that same decision, the Court *denied* Defendant's request to hold Plaintiff's counsel (Higbee & Associates) jointly and severally liable for any attorney's fees awarded against the Plaintiff (Keck). (ECF 72, pp. 7-11.)

The Court found in its 03-27-2023 decision that the facts and circumstances in the record were insufficient to hold Higbee & Associates jointly and severally liable as a sanction under 28

U.S.C. § 1927, under the Court's inherent authority, or under Rule 26(g). (*Id*.) As the Court correctly noted, a request for sanctions under 28 U.S.C. § 1927 is "'strictly construed'" because such sanctions are "'penal in nature'" and could "'dampen the legitimate zeal of an attorney in representing his client, § 1927 is strictly construed.'" (*Id*. (quoting *Travelers Ins. Co. v. St. Judge Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416-17 (5th Cir. 1994).)

Similarly, the Court found that holding Higbee & Associates jointly/severally liable for attorney's fees imposed against its client was not an appropriate sanction under the Court's inherent authority, which requires a showing of unreasonable behavior or vexatious litigation. Analyzing all the facts asserted by Defendant, the Court concluded that none of those facts "constitute[d] sufficient evidence for reckless, bad faith, or improper motive *when viewed either in isolation or in sum*" (ECF 72, p. 10 (emphasis added)). As such, the Court concluded that Higbee's alleged conduct were "insufficient to meet the stringent standards of § 1927 or under the Court's equitable powers." (*Id*.)

Likewise, the Court rejected in that 03-27-2023 decision the Defendant's request that Higbee & Associates be jointly and severally liable under Federal Rule of Civil Procedure 26(g) as a sanction for Higbee's *alleged* violations of certain pieces of discovery that occurred during the litigation. (*Id*.) The Court found that those alleged violations "do not clearly rise to the level of sanctions". (*Id*. at 10-11.) Notably, the Court did not make any findings in its decision that Higbee did in fact committed those violations. But even if the Court had made such findings, the sanctions provision under Rule 26(g)(3) plainly provides for the imposition of sanctions that are commensurate with/limited to the nature and extent of the particular discovery violation. *See* Fed. R. Civ. P. 26(g)(3)(providing that a sanction imposed a discovery violation "may include an order to pay the reasonable expenses, including attorney's fees, *caused by the violation*.")(emphasis

added). Requiring a party's counsel to be jointly and severally liable for the *entirety* of the opposing party's attorney's fees incurred throughout the trial court proceedings, and/or the *entirely* of that party's attorney's fees incurred on appeal, on the basis of certain isolated discovery violations, would be a disproportionate sanction and unwarranted under Rule 26(g).

This Court did not arrive at the rulings it made in its Memorandum Decision & Order on 03-27-2023 hastily. Rather, the Court issued those rulings after considering lengthy and detailed briefing of the issues by the parties. (ECF 61, 65, 66.) In addition to the standard memoranda submitted by the parties for and against that initial motion for attorney's fees, the Court granted Defendant leave to submit *supplemental evidence* in further support of its motion (ECF 70), and held a full motion hearing on 03-20-2023 to consider additional arguments. (ECF 70, 71, and Minute Entry of 03-20-2023.)

Thus, this Court had fully and carefully addressed the issue of Higbee's joint/several liability in its decision of 03-27-2023 (ECF 72.) That decision was entered and consummated into the final judgment entered on the 03-27-2023 (ECF 73.) Over a month later on 05-10-2023 (after the parties had both filed their appeal/cross appeal with the Fifth Circuit, and the appeals were then pending), the Defendant filed its "second supplemental" requesting conditional attorney's fees incurred on appeal in the event it prevailed in the appeal. (ECF 79.) In response, the Court issued its one-page order on 05-10-2023 (ECF Doc 80), which is the basis for the Defendant's instant post-appellate motion for attorney's fees.

Under those circumstances, the Court's *post-judgment* order of 05-10-2023, is not a proper basis to readdress the issue of Higbee's joint/several liability, nor a basis to allow Defendant to relitigate the issue. This Court already found and concluded its 03-27-2023 decision that there were insufficient grounds to hold Higbee jointly/severally liable for the attorney's fees imposed

5

on Keck. Its rulings in that decision became a part of the final judgment entered on 03-27-2023 (ECF 73). Thereafter, Defendant raised the issue again in its cross appeal to the Fifth Circuit, but the Fifth Circuit ultimately rejected those arguments and affirmed this Court's ruling on the issue of Higbee & Associates' joint/several liability.

Defendant has had numerous and ample opportunities—both before this Court and before the Fifth Circuit—to make its case for why this Court should impose the drastic sanction of holding a party's legal representative jointly and severally liable for attorney's fees. In the end, both courts found no basis to hold Higbee & Associates liable for fees charged to Keck.

## II. The Court Should Not Hold Higbee & Associates Liable for Any Appellate-Related Fees Requested As Part of Defendant's Pending Motion (ECF Doc. 93)

It is undisputed that Higbee & Associates did not represent Keck in connection with her appeal at the Fifth Circuit. Keck expressly acknowledges in her recent filing with this Court that Digital Justice Foundation ("—rather than Higbee & Associates—were her counsel in the appeal. (ECF 109.) Likewise, the Defendant specifically acknowledged in its pending motion that attorney Andrew Grimm of the Digital Justice Foundation was "appellate counsel for Plaintiff". (ECF 93, p.2, ¶3.)

The relationship between Higbee & Associates and Keck ended shortly after conclusion of the district court case. The relationship was strained by many things, including (1) Keck accusing Higbee & Associates attorneys of secretly working for opposing counsel to devalue her case, (2) Keck posting disparaging remarks about the court and the parties online, (3) Keck refusing to take her attorneys' recommendation to dismiss the case or accept settlement offers that they told her were exceedingly reasonable, and (4) Keck accusing Higbee & Associates attorneys as being allied with the defendant's mother, Congresswoman Nancy Pelosi. As a result of the very turbulent

attorney-client relationship, Higbee & Associates stopped taking cases from Keck. At Keck's request, Higbee filed a notice of intent to appeal while she sought counsel to represent her on appeal. Keck wrote to Higbee & Associates on March 23, 2023 and made it clear Higbee & Associates would not be involved in the appeal, "If I appeal this case, I will not be doing it with Higbee…"

The decision to file an appeal, what issues to appeal and in what manner to do so were made between Keck and the Digital Justice Foundation and, possibly, other attorneys she trusted— which did not include Higbee & Associates.

### III. The Court Cannot Hold An Attorney Liable For Acts Committed By A Party After the Attorney withdrew from Representation and The Party Had New Representation

*A. Higbee & Associates cannot be held liable for acts that occurred in an appeal that it did not participate in.*

There is no legal precedent in American jurisprudence or basis in law to hold an attorney financially responsible for the acts in a case that occurred after the attorney withdrew and the party retained new counsel. Higbee & Associates did not withdraw from the appellate case—Higbee & Associates was never part of the appellate case (other than to file a notice of intent to appeal as a courtesy for Keck as she sought new counsel). Defendant referred to two cases that are off point because they involve misconduct by the attorneys that occurred during the representation. Those claims involved trial court cases and fees for outrageous misconduct (intentionally destroying thousands of pages of evidence and repeated failure to comply with court orders) in the trial court. This absurd request is asking the court charge fees from an appeal against an attorney who did not participate in the appeal, simply because the attorney was wrong on the fair use defense at the trial court level— and notably for the first time in nearly 700 cases filed.

Defendant's pending motion is a request for attorney's fees that were incurred *on appeal*. As such, any request in the motion for Higbee & Associates to be jointly/severally liable for appellate-related fees *must* be based on conduct that can be attributed to Higbee & Associates and in relation to the appellate proceedings. Higbee & Associates had no role and, therefore, no conduct in the Keck appeal. Higbee & Associates cannot be held liable for appellate related fees.

Any decisions pertaining to the appellate litigation which inevitably affected the total amount of attorney's fees incurred on appeal—such as the amount of preparation for appellate briefs and the specific issues and arguments to raise therein; whether or not to request oral arguments in the appeal; and the level of settlement negotiations to have with opposing counsel during the pendency of the appeal, and, of course, the decision to appeal—were all decisions that were between Keck and her appellate counsel[1]. Though, it was apparent that Keck was determined to appeal from the start.

In expressing her dissatisfaction with the court's ruling on summary judgment, Keck wrote to Higbee attorneys stating on March 30, 2023: "Not one artist, art teacher, professor of art or attorney that I've personally spoken with agrees with his ruling." Keck also had attorneys from Bradley Arant Boult Cummings LLP advising her and representing her on this case. By Plaintiff's logic all of the people who Keck consulted with and trusted more than Higbee & Associates, at this point, should also be jointly and severally liable for attorney's fees resulting from her appeal. It is also worth noting that before Keck decided to appeal, Higbee & Associates cautioned Keck about the risk that she could be found liable for attorney's fees was unsuccessful on appeal.

---

[1] To an extent, the amount of the Defendant's total appellate fees is also attributed to Defendant's own decision to unsuccessfully pursue a cross appeal to seek for a partial reversal of this Court's judgment.

8

Keck's appeal was not frivolous to her or to a large community of artists and copyright holders. Nothing in the ruling by the Fifth Circuit implied the fair use argument was frivolous or deserving of an award of attorney's fees. Keck should get an opportunity to have counsel present to argue the issue of attorney's fees if it is true that her appeals counsel assured her that they would represent her at the hearing. Attorney's fees on appeal are rarely granted in copyright matters, and Keck appears to have been left defenseless against a preposterously excessive request for attorney's fees— especially for rearguing two issues.

### B. *Defendant Was Not the Prevailing Party on Appeal On the Issue of Higbee & Associates' Joint/Several Liability*

After this Court entered its final judgment on 03-27-2023, the parties both filed appeals to the Fifth Circuit. (ECF 74-77.) Keck filed her Notice of Appeal on 04-24-2023. (ECF 75.) Soon thereafter on 05-08-2023, Defendant filed its Notice of Cross Appeal. (ECF 77.) In its cross appeal, Defendant urged the Fifth Circuit to affirm this Court's final judgment on all issues except for the portion of this Court's judgment which denied its request to hold trial counsel (Higbee & Associates) jointly and severally liable for the attorney fees imposed on Keck.

On 09-18-2024, the Fifth Circuit rendered its decision in the appeals. The Fifth Circuit **rejected** the Defendant's argument for reversal, and instead, affirmed this Court's ruling on this issue. In so doing, the Fifth Circuit agreed that there was simply "insufficient evidence" to conclude that Higbee & Associates' conduct was "unreasonable and vexatious" to the level sufficient to warrant holding it jointly and severally liable for the attorney's fees imposed on Keck.

Thus, while Defendant prevailed on appeal regarding the substantive issues of trademark and copyright infringement, and the attorney's fees this Court awarded Defendant (against Keck) under 17 U.S.C. 505 as the prevailing party in a copyright action, Defendant was not the prevailing party on the issue regarding Higbee & Associates' joint/several liability. Based on this additional

9

significant factor, it would not be proper to for the Court to hold either Higbee & Associates or the Digital Justice Foundation jointly/severally liable for any appeals-related attorney fees that the Court ultimately imposes on Keck as requested in the Defendant's pending motion (ECF 93.)

### IV. Higbee & Associate's Representation of Keck in the Trial Court Proceedings Were Fully Terminated as of 11-22-2024.

On 11-14-2024, the Court granted the motion of former Higbee & Associates counsel (Ryan Carreon) to withdraw as counsel for Plaintiff (Michel Keck). On 11-22-2024, the Court also granted the motion of Mathew Higbee to withdraw as counsel for Keck. (ECF 94-97.) Thus, Higbee & Associates' representation in this matter was fully terminated as of 11-22-2024.

Because of its withdrawal, Higbee & Associates did not file a formal opposition/response the Defendant's pending motion for appellate-related attorney's fees (ECF 93.) The Court, however, granted Keck's pro se request for an extension of time to file her response to the motion. (ECF Docs. 99, 98.) On 01-03-2025, Keck, submitted a timely *pro se* "motion for waiver of fees" in response to the motion. (ECF Doc. 100.)

Thereafter, on 02-10-2025, the Court held a motion hearing, at which time the Court invited the parties to voluntarily provide supplemental briefings to address the questions listed in its Minute Entry. (*See* Minute Entry of 02-10-25.) For the reasons already addressed at length above, holding Higbee & Associates jointly and severally liable for the attorney's fees now being requested by Defendant would not be proper—whether or not Higbee's representation for Plaintiff in this matter has terminated. However, the fact that Higbee & Associates has fully withdrawn (with the Court's permission) at the time it did—and therefore did not have substantial formal involvement in the responsive brief(s) and/or hearing(s) held in connection with the Defendant's motion—is further grounds against the imposition of such sanction on Higbee & Associates.

Dated: 03/02/2025

**/s/ Mathew K. Higbee**
Mathew K. Higbee
**HIGBEE & ASSOCIATES**
15900 La Cantera PKWY
Suite 26225
San Antonio, Texas 78256
714-617-8300
Email: mhigbee@higbee.law