Michel Keck
Plaintiff, Pro Se
5538 West 1450 North
Wheatfield, Indiana 46392
219-306-9474
michelkeckbauer@gmail.com

May 1st, 2025

Clerk of the Court
United States District Court
Southern District of Texas
Houston Division
515 Rusk Street, Suite 5300
Houston, Texas 77002

Re: Reply Brief
Cause No. 4:21-CV-00430
Michel Keck v. Mix Creative Learning Center LLC

Dear Clerk of the Court,

This is my second submission of this brief. I am submitting this to the court for a second time because I am fearful that I may have submitted the last one to the case managers attention instead of the attention of the clerk of court. If this has already been filed on my behalf please disregard.

I respectfully submit the attached reply brief in support of the above-referenced matter. As a pro se litigant, I am representing myself in this case and respectfully request that the Court accept and file the enclosed brief as part of the official record for consideration.

Should the court require any additional information or clarification regarding this submission, please do not hesitate to contact me at the phone number or email address provided above.

Thank you for your attention to this submission.

Respectfully submitted,
Michel Keck
Plaintiff, Pro Se
5538 West 1450 North
Wheatfield, Indiana 46392
Phone: 219-306-9474
Email: michelkeckbauer@gmail.com

United States Courts
Southern District of Texas
FILED

MAY 1 2 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
Case No. 4:21-cv-0430

Michel Keck, Plaintiff
v.
Mix Creative Learning Center, LLC, et al., Defendant

Michel Keck
Pro Se Litigant
5538 West 1450 North
Wheatfield, Indiana 46392
219-306-9474
michelkeckbauer@gmail.com

Date: May 1st 2025

**REPLY BRIEF**

I, Michel Keck, the undersigned, hereby solemnly affirm under penalty of perjury and upon personal knowledge that the contents of the foregoing are true and correct:

While Mr. Higbee may resort to name-calling and filing briefs in the middle of the night at last moment—I will continue to provide this Court with evidence that supports my position: that I should not be held responsible for any fees unjustly imposed on me in the original case, or the appeal case.

If Mr. Higbee chooses to submit emails I have written, I welcome it. I stand by every word and am fully prepared to reiterate my statements in any setting, including in front of those to whom they pertain. My actions have always been taken in good faith, with the sole purpose of protecting my intellectual property and enforcing my legal rights.

Yes, I absolutely stand by all of the opinions I have expressed in every email I have sent to any counsel regarding this case. The emails I have already submitted to this Court serve as evidence that Higbee & Associates encouraged me to appeal this case. The additional emails I am submitting

1 | P a g e

with this brief further demonstrate why it is not only reasonable—but necessary—for me to question how my case has been handled. They provide clear proof of why I should not be found liable for any of the fees the defendant is now seeking, or has previously sought, in the original case.

I was not only misrepresented in the original proceeding, but my trademark rights were dismissed by the Court and by my counsel—without my consent. From the moment Mr. Higbee emailed me to inform me that he had lost the case, he encouraged me to appeal by stating, *"The judge struggled with the fair use during oral arguments and I believe that there is a case to be made that he got it wrong. You have 30 days from the date of the order to file an appeal."* (Exhibit A).

This encouragement to appeal—already documented in prior emails submitted to the Court from Higbee & Associates and attorney Andrew Grimm—shows that I was repeatedly told by attorneys that the case was ripe for appeal. I relied in good faith on the attorneys who represented me, and I cannot be held liable for trusting in their professional advice. They are the ones who are supposed to know the law inside and out, and I acted on their counsel in good faith.

Equally troubling is the fact that, at the time I received that email, I was still completely unaware that Mr. Higbee had effectively waived or abandoned my trademark claims without my knowledge or consent. Nor was I informed that the unauthorized creation and commercial use of a derivative of my copyrighted artwork—to promote "Michel Keck" branded art kits—was not addressed or argued on my behalf. That these fundamental aspects of my case were omitted without my authorization or awareness raises serious concerns as to whether my rights as a copyright and trademark holder were adequately represented and preserved. Further disturbing is the fact that one of my appellate attorneys conveyed to Mr. Grimm that, should I decide to pursue a lawsuit against Mr. Higbee and Associates for legal malpractice, he would be willing to testify on my behalf as a witness. This, in and of itself, speaks volumes regarding the serious nature of the concerns surrounding Mr. Higbee's handling of my case and the potential for substantial legal misconduct. This may, perhaps, provide some context for Mr. Higbee's resorting to ad hominem attacks at this juncture.

Furthermore, the following email correspondence, submitted herewith, further substantiates my position and reinforces the basis for my concerns regarding the integrity of how this case has been handled within the judicial process. Mr. Higbee led me to believe that there was a valid legal basis to pursue this matter and that the presiding judge had erred in his decision. In addition, Mr. Higbee's associate, Ryan Carreon, directly characterized opposing counsel, Mr. Garcia, as someone who "over-exaggerates, makes personal attacks, and stretches the truth." Mr. Carreon also asserted that they had already presented the Court with emails which, in his words, "show he (Garcia) was lying" in court. (Exhibit D). I was further informed that procedural irregularities occurred in connection with the filing of the defendant's fair use defense, and that such actions were permitted by the Court despite being in contravention of established federal procedural rules (Exhibit B). I was additionally informed that, in some instances, judicial rulings may be rendered not necessarily on the basis of legal correctness, but rather for the purpose of expediently disposing of a case, raising further concerns as to whether the adjudication of my matter was guided by proper legal standards. Specifically, Mr. Carreon conveyed to me his suspicion, "that the judge did not want to rule in your favor or have this case go to trial, so he figured a summary judgment ruling was the best way to get this case off his docket", further reinforcing my concerns regarding the fairness and impartiality of the proceedings (Exhibit B).

Lastly, with respect to Mr. Higbee's repeated emphasis on having encouraged me to accept a $20,000 settlement offer, I am left to question the consistency and rationale behind their subsequent actions. Specifically, if counsel truly believed that $20,000 represented a fair and appropriate resolution of the matter, it is unclear why they would later represent—on the court record— that they had extended a $45,000 settlement offer to opposing counsel, Mr. Garcia having already been told by Garcia that the defendant, Ms. Kenneally, was claiming to have generated only approximately $250 in revenue from the sale of the infringing product. To this day, I have never been provided with any documentation or evidentiary support substantiating the defendant's claimed earnings, despite having made specific requests to review such information.

I am including these communications below for the Court's review and consideration. These representations by counsel further contributed to my good faith belief that appealing the decision was not only justified but necessary, and they provide additional context as to why I should not be held responsible for any legal fees sought in connection with this litigation in the initial case or the appeal case.

It should be noted that the evidence submitted herein represents only the written communications within my possession that offer clear and unequivocal support for my position. In addition to this documentary evidence, there were also verbal representations made during phone conversations which gave me the opinions I hold on this case. I acted in good faith and exercised due diligence, relying on the legal advice and representations of attorneys—licensed professionals with law degrees and a sworn duty to uphold the law—while I, as a layperson with no formal legal training, had no choice but to place my trust in those presumed to act competently and ethically within the bounds of the law.

Executed this 1st day of May, 2025.

**Michel Keck**

*[signature: Michel Keck]*

Certificate of Service

I hereby certify that a true and correct copy of this document was served upon Roland Garcia, Matthew Higbee, Ryan Carreon on May 1st 2025 via email.

### Table of Exhibits

| Exhibit | Description | Date |
|---|---|---|
| A | Email from Mr. Higbee re: encouragement to appeal | Dec 20, 2022 |
| B | Email from Mr. Carreon re: Court & Garcia misconduct / encouragement to appeal | Jan 10, 2023 |
| C | Email from Mr. Carreon re: Garcia acts against federal rules / judge allows | Jan 16, 2023 |
| D | Email from Mr. Carreon re: Garcias emails prove he was lying | Jan 16, 2023 |

# EXHIBIT A

**Mathew Higbee <mhigbee@higbee.law>**  Tue, Dec 20, 2022, 5:07 PM

to me, Ryan

Hi Michel-

The court ruled that the use by Mix Creative was protected under Fair Use and dismissed the case. Opposing party requested leave to file a motion for attorney's fees. The court granted them permission to file a motion to request attorney's fees. We will file an opposition.

The judge struggled with the fair use issue during oral arguments and I believe there is a case to be made that he got it wrong. You have 30 days from the date of the order to file an appeal.

I have attached a copy of the court opinion. Please let me or Ryan know if you have any questions

-Mat


-Mat
Mathew Higbee
Attorney
Higbee & Associates

Office: 714-617-8352
Fax: 866-534-7049

# EXHIBIT B

On Tue, Jan 10, 2023 at 1:45 PM Ryan Carreon <rcarreon@higbee.law> wrote:
Hi Michel,

Let me see if I can answer your questions.

The first thing that I will say is to not take too much stock into what they are saying in their Motion. This attorney has a history of over-exaggerating the circumstances and of making personal attacks, and it is in his interest right now to try and skew things as much as possible in the hopes he can win attorneys fees from this judge. We will directly address these issues in our Opposition, much like we did in connection with previous filings.

Regarding the summary judgment filings. In October I emailed you with a declaration for you to review and explained that it would be used in connection with summary judgment filings. I believe Brice may have responded and said you slipped a disk in your back, so you may not have seen the email directly. But you did sign and return the declaration to us. While we certainly didn't expect to lose summary judgment, I also don't think it's fair to say that you were not aware that summary judgment had been filed either.

Regarding the use of a bio with the ArtMix Kit. We explained in our summary judgment filings that such information was not used in connection with the kit. We also explained to the Court that the kit was not marketed to children as they suggested. The bottom line is that the judge had that information and argument in front of him and choose to either ignore it or not believe it. That is one of the many reasons why we believe the decision was not correct. My suspicion is that the judge did not want to rule in your favor or have this case go to trial, so he figured a summary judgment ruling was the best way to get this case off of his docket. The difficult reality is that judges are humans too and sometimes make rulings to make a case go away rather than because it is the legally correct ruling.

Regarding settlement negotiations, those are not admissible to prove liability, but they can be admissible to prove other things. In this situation, they are arguing they should be awarded attorneys fees because you were acting unreasonably with regards to their offer to settle for $20k. The judge may or may not give weight to that argument, but they are allowed to make it. Asking him to strike it won't really accomplish much because the cat is already out of the bag so to speak. Our best bet is it just point out that the attorney is stretching the truth with many of the things he is saying.

Regarding the alleged delays, again, that's just the attorney for ArtMix stretching the truth. We met all of our deadlines, and in fact, ArtMix ended up filing something late that required the judge to move the deadlines to accommodate them, so I'm not so sure the judge will receive that argument very well.

Finally, with regard to the fees themselves, it was frankly surprising to us that they are trying to seek fees from H&A as well as you. The Copyright statute does not allow for them to seek fees directly against the attorney, and they essentially have to prove that H&A acted frivolously in allowing the case to be filed. I don't think their trying to seek fees from H&A presents a conflict of interest because any argument H&A makes to defend itself should not negatively impact the arguments that we will be making on your behalf.

Just so you are aware, the deadline for us to file the opposition is Friday, so we should have the draft opposition to you by tomorrow or Thursday. Additionally, the deadline to appeal the fair use ruling is January 18, so there is some time, but a decision needs to be made soon.

Ryan E. Carreon
Senior Associate
Copyright Division

Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Direct: (302) 482-3089
Mobile: (626) 533-7357 Fax: (714) 597-6559

# EXHIBIT C

-----Original Message-----
From: "Ryan Carreon" <rcarreon@higbee.law>
Sent: Monday, January 16, 2023 9:24am
To: "Michel Keck LLC" <michel@michelkeck.com>
Cc: "Mathew Higbee" <mhigbee@higbee.law>
Subject: Re: Mix Creative Fee Motion Opposition

Hi Michel,
The court originally set the close of discovery for mid-August. The Court also set a deadline to amend pleadings for mid-September. In order to amend a pleading (in order to add something like a new defense, etc.) the federal rules require the other side to obtain a court order or permission from opposing counsel. Mix Creative did not do either and instead just simply filed their amended document adding in the new fair use defense. We asked the Court to strike the document as improper and the judge held a hearing where he said he was going to allow the amendment, but was also going to re-open discovery briefly so we could take discovery on the fair use issue.
You are correct that all of this is not typical, and I think it helps in our defense of the fee motion because it shows they were being unreasoable. I also think it could be an issue to bring up on appeal, if you decide to file one. Speaking of that, the deadline to file the appeal is Wednesday. That deadline cannot be moved, so you'll need to make a decision on that as soon as possible.
Ryan E. Carreon
Senior Associate
Copyright Division

Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Direct: (302) 482-3089
Mobile: (626) 533-7357 Fax: (714) 597-6559

This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message.

On Sat, Jan 14, 2023 at 2:04 PM Michel Keck LLC <michel@michelkeck.com> wrote:
Ryan,


Thank you . We have two questions we didn't know that they didn't start off saying fair use was her reason to infringe my rights so we don't understand if it is is a normal thing for someone to add a new line of defense after discovery closes? is this typical?

where it states they filed something without a court order & without obtaining my consent? we didn't know this so can you explain to me if there is a legal way penalty for them doing this?


The way it is worded it sounds like legally those two things are required.  So my question is why were they legally allowed to do so?  "as required by Federal Rules of Civil Procedure" sounds like it is something federally required, so we are confused.

michel

# EXHIBIT D

-----Original Message-----
From: "Ryan Carreon" <rcarreon@higbee.law>
Sent: Monday, January 16, 2023 9:27am
To: "Michel Keck LLC" <michel@michelkeck.com>
Cc: "Mathew Higbee" <mhigbee@higbee.law>
Subject: Re: FW: RE: Mix Creative Fee Motion Opposition

Hi Michel,

I know it is frustrating because attorneys are required by the ethical rules not to lie to the Court. Unfortunately, some attorneys decide to do it anyway and then it is up to us to point out that they are not being truthful. The attorney attached all of our email correspondence as an exhibit, and I pointed out that the emails clearly show he was lying. I am hopeful that the Court will understand that he is not being truthful and use that as a basis to deny the fee motion.

Ryan E. Carreon
Senior Associate
Copyright Division


Law Firm of Higbee & Associates  (http://www.higbeeassociates.com)
1504 Brookhollow Dr., Suite 112, Santa Ana, CA 92705
Direct: (302) 482-3089
Mobile: (626) 533-7357 Fax: (714) 597-6559


This electronic mail message and any attachment is confidential and may also contain privileged attorney-client information or work product. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, disseminate, distribute or copy this communication.  If you have received the message in error, please immediately notify us by reply electronic mail or by telephone and delete this original message.


On Sat, Jan 14, 2023 at 2:07 PM Michel Keck LLC <michel@michelkeck.com> wrote:
Ryan,

one more thing when they say H&A says I was
being unreasonable how can they legally make up
statements that never happen? Isn't that punishable
somehow legally?

michel